UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 23-00462 |
| AZURE DEVELOPMENT, INC. | CHAPTER 11 |
| Debtor | |

## MOTION TO STRIKE

**TO THE HONORABLE COURT:**

COMES NOW Azure Development, Inc. ("Debtor"), through its undersigned counsel, and respectfully states and requests:

1. After the hearing of May 31, 2023, on Triangle Cayman Asset Company's ("Triangle") *Motion to Dismiss Chapter 11 Bankruptcy Case or, In the Alternative, for Conversion to Chapter 7* (**Docket No. 29**) and Debtor's opposition thereto (the "Opposition"), Triangle in a final frail attempt to undermine the credibility of Mr. Alfonso Valdés García ("Mr. Valdés"), Debtor's president and witness at the hearing, and in violation of the most elementary evidentiary principles, filed after the conclusion of the hearing an unauthenticated mediatic hearsay statement of unknown sources directed to contradict Mr. Valdés' expressions in the Opposition as to his contact with the Honorable Nydia Velázquez (**Docket No. 82**).

2. Not only said document, not attempted to be offered at the hearing, obviously due to its hearsay sand unreliable nature, should be directed to be stricken from the docket of the captioned case, but forces Debtor to address its irrelevant and unreliable distorted nature.

3. As testified by Mr. Valdés, one of the two former pending permits to enhance the value of Debtor's properties at Luquillo, Puerto Rico (the "Properties") was the Jurisdictional Determination of the United States of America Corps of Engineers (the "Corps"), which once made expires in five years.

4. It usually takes from 8-9 months for the Corps to make the determination and Debtor needed to expedite the process to prevent the expiration of other already obtained

permits, also necessary to further enhance the value of Debtor's Properties by their marketability with the permits in place.

5. Consequently, during March 2023, Mr. Valdés proceeded to seek help for expediting the process with the Corps with the Office of Puerto Rico's Resident Commissioner and Congresswoman Velázquez, without any variances or amendments to the petition before the Corps.

6. Mr. Valdés first called the Office of the Resident Commissioner and spoke to Mr. José Díaz Marrero, explaining to him the aforesaid, who as indicated in Mr. Diaz' March 28, 2023 email to Mr. Valdés was receptive to Mr. Valdés' request (**Exhibit A**). Since the Office of the Resident Commissioner acted expeditiously, Mr. Valdés didn't see the need to call Congresswoman Velázquez, as originally intended, considering for that to do so would be too abrasive by having both the Office of the Resident Commissioner and that of Congresswoman Velázquez double teaming the Corps.

7. The mediatic source improperly utilized by Triangle and sought to be stricken hereby was published in a Twitter account under the name of BonitaRadio (**Exhibit B**). It falsely states that Debtor's Properties are part of the Northeast Ecological Corridor, of which Congresswoman Velázquez has been an avid defender, and that Debtor is to develop the Properties in wetlands, which the Jurisdictional Determination obtained by Debtor on May 4, 2023 specifically prohibits their invasion. Therefore, as testified by Mr. Valdés, as of May 31, 2023 there is only one more permit left to be obtained, that of the demarcation of the Maritime Zone, as to which a hearing is scheduled by the Department of Natural Resources of Puerto Rico for July 11, 2023.

8. Rule 801(c)(2) of the Federal Rules of Evidence defines hearsay as a statement that a party offers in evidence to prove the truth of the matter asserted in the statement.

9. The "truth of the matter asserted" requirement of Rule 801(c) is standard law. Its purpose is to distinguish between statements offered only to prove that the statement was

2

made, which are not hearsay, and statements offered as reflective of true fact, which are hearsay because they depend on the truth and veracity of the statement, which was not subject to courtroom safeguards as cross-examination, when made. See *U.S. v. Calvert*, 523 F. 2d 895 (8th Cir. 1975)

      10.    In *Mga Entm't Inc. v. Harris*, 2022 U.S. Dist. LEXIS 184410 (D.C. Cal. 2022), the court discussing the admissibility of social media posts stated:

> The images of the social media posts and accompanying comments constitute hearsay because they are out-of-court statements that are offered for the truth of the matter asserted.
>
> ....
>
> The authentication of social media evidence in particular presents some special challenges because of the great ease with which a social media account may be falsified or a legitimate account may be accessed by an impostor.

      11.    Courts deem hearsay generally unreliable and untrustworthy. *Chambers v. Miss.*, 410 U.S. 284 (U.S. Sup. Ct. 1973). Hearsay is "'inherently untrustworthy'" because of the lack of an oath, presence in court, and cross examination. *United States v. Pelullo*, 964 F.2d 193, 203 (3rd Cir. 1992). The Anglo-American tradition uses three devices to illuminate inaccuracies in the testimonial proof: (i) the oath; (ii) personal presence at trial; (iii) and cross examination. Weinstein's Federal Evidence § 802.02[2][a], at 802-5.

      12.    The Fourteenth Amendment states: "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Due Process Clause encompasses two distinct forms of protection: (i) procedural due process, which requires a state to employ fair procedures when depriving a person of a protected interest; and (ii) substantive due process, which guarantees that a state cannot deprive a person of a protected interest for certain reasons. *Lee v. Univ. of New Mexico*, 500 F. Supp. 3d 1181 (D.C. N.M. 2020). These due process principles are equally applicable to litigation between private citizens.

13. Simply stated, Triangle not only pretends to amend the Bankruptcy Code by advocating that the filing of a Chapter 11 petition by a single asset real estate development company is subject to automatic dismissal under 11 USC (b)(4) because it lacks any income producing activities, but by revoking the most elementary pre-evidentiary principles.

### NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**WHEREFORE,** it is respectfully requested that Docket No. 82 be ordered stricken with imposition of sanctions on Triangle.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

San Juan, Puerto Rico, this 2nd day of June 2023

s/**CHARLES A. CUPRILL-HERNÁNDEZ**
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices
**Counsel for Debtor**
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel: 787-977-0515
Fax: 787-977-0518
E-mail: cacuprill@cuprill.com

4



Exhibit A
**alfonso valdes <avaldes1210@gmail.com>**

## FW: RE Constituent support letter, JD for development Luquillo, Puerto Rico
2 messages

**Diaz-Marrero, Jose** <Jose.Diaz-Marrero@mail.house.gov>                                      Tue, Mar 28, 2023 at 5:15 PM
To: alfonso valdes <avaldes1210@gmail.com>

Buenas tardes, Sr. Valdes:

Recibimos hoy la siguiente comunicación del Distrito de Jacksonville del Cuerpo de Ingenieros, en la que he subrayado la parte donde indican que proyectan que el AJD esté redactado y completado para mayo de 2023.

Naturalmente se dará seguimiento a si en efecto se logra esa proyección.

Aquí para servir,

*José R. Díaz Marrero*

*Senior Policy Advisor*

*Congresswoman Jenniffer González Colón*

*(Puerto Rico – At Large)*

*2338 Rayburn HOB*

*T: 202-225-2615*

*M: 202-705-2360*

*Jose.Diaz-Marrero@mail.house.gov*

**From:** Gapinski, Matthew CIV USARMY CESAJ (USA) <Matthew.Gapinski@usace.army.mil>
**Sent:** Tuesday, March 28, 2023 1:24 PM
**To:** Diaz-Marrero, Jose <Jose.Diaz-Marrero@mail.house.gov>
**Cc:** Booth, James L (Jamie) COL USARMY CESAJ (USA) <James.L.Booth@usace.army.mil>; Gonzales, Howard H JR CIV SAJ <Howard.H.Gonzales@usace.army.mil>
**Subject:** RE Constituent support letter, JD for development Luquillo, Puerto Rico
**Importance:** High

Jose,

Mr. Valdes requested the Corps complete a Jurisdictional Determination (JD) on a 3.5 acre property located on two parcels in Luquillo, Puerto Rico (SAJ-2023-00198). The purpose of the JD is to confirm whether wetlands and/or waters on the property are regulated by the U.S. Army Corps of Engineers pursuant to Section 404 of the Clean Water Act (33 U.S.C. §1344).

On 6 March 2023, the Corps Project Manager (PM) submitted a request for additional information for Mr. Valdes to complete a Jurisdictional Determination Request Form to gather administrative information and confirm the type of Jurisdictional Determination being requested – either Approved or Preliminary. Mr. Valdes provided the requested information on March 10, 2023, confirming an Approved Jurisdictional Determination (AJD) has been requested. The PM also coordinated with Mr. Valdes on March 17, 2023 to understand timeframes for any other pending permits associated with the proposed work to ensure that the request can be prioritized accordingly. Mr. Valdes requested on March 21, 2023 that the AJD be completed prior to May 2023 to avoid additional costs and schedule impacts to the project.

On March 20, 2023, the Environmental Protection Agency (EPA) and the Department of the Army's ("the agencies") "Revised Definition of 'Waters of the United States'" (2023 Rule) became effective in 48 states and in all US territories. The 2023 Rule establishes the scope of federal regulatory authority under the Clean Water Act, and a fact sheet (attached) was sent to Mr. Valdes on March 21, 2023 to inform him of the changes associated with the 2023 Rule. The 2023 Rule AJD Form and its User Manual have received interim approval by the Office of Management and Budget (OMB) and have been provided to Regulatory Project Managers to complete draft AJDs under the 2023 Rule. The PM will prepare and submit the draft AJD for review and complete the draft AJD NLT the May 2023 deadline requested by Mr. Valdez.

Please let me know if you have any questions or need additional information.

bonitaradio

Exhibit B



**bonitaradio**  Follow  Message  +&  ...

**1,340** posts   **5,275** followers   **541** following

BonitaRadio
Media/news company
youtube.com/@BonitaRadio

⊞ POSTS    ⊡ REELS    ☒ TAGGED

My office has not had contact with this individual, has no intention of assisting in this matter, and is committed to protecting the Northeast Ecological Corridor on the Island.

BonitaRadio @ @Bonita Radio · 4h ·
OPEN 5PM FB Live INVESTIGACION Un empresario que intenta desarrollar un predio con mangle en área del Corredor Ecológico del Noreste dijo en un pleito del Tribunal Federal de Quiebras que está en conversaciones con las oficinas de @RepJenniffer y @NydiaVelazquez para adelantar... Show more

120
12






     









bonitaradio

     

https://www.instagram.com/bonitaradio/

bonitaradio

BonitaRadio (@bonitaradio) | Instagram

     

https://www.instagram.com/bonitaradio/

7/7