**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | Case No. 23-00462 (ESL) |
| AZURE DEVELOPMENT, INC. | Chapter 11 |
| Debtor. | |

**OPPOSITION TO DEBTOR'S MOTION TO STRIKE**

TO THE HONORABLE ENRIQUE S. LAMOUTTE INCLÁN
UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW** secured creditor Triangle Cayman Asset Company ("<u>Triangle</u>"), by its undersigned counsel, and respectfully states as follows:

1. As the Court is aware, throughout the various contested matters pending in this case the Debtor has made allegations regarding its alleged efforts to obtain permits for its real estate.

2. To that end, the Debtor has, among other allegations, represented to the Court that:

"*in order to expedite the Jurisdictional Determination (JD), Mr. Valdés **is in contact with the offices of Commissioner Jennifer González and Congresswoman Nydia Velazquez**. The JD may take up to 9 months, a period that Mr. Valdés is attempting to shorten*".

<u>See</u>, Docket No. 79, Par. 6(d), pg. 23; <u>see</u> <u>also</u>, Adversary Proceeding, Case No. 23-00026, Docket No. 1., Par. 15(d), pg. 4 (emphasis added).

3. On May 31, 2023, this Court held a hearing on Triangle's Motion to Dismiss this Bankruptcy Case (the "<u>Motion to Dismiss</u>") <u>See</u>, Docket No. 29.

4. After the hearing on the Motion to Dismiss, Triangle became aware that Congresswoman Nydia Velázquez ("<u>Congresswoman Velázquez</u>") had issued a written statement

1

the night before the hearing, May 30, 2023, specifically addressing and challenging the Debtor's allegations and representations to this Court. Specifically, Congresswoman Velázquez stated[1]:



5. Triangle filed the *Motion to Inform* to alert and inform the Court of Congresswoman Velázquez statement, as it was a direct contradiction to the Debtor's previous written statements to this Court regarding its efforts with such office to obtain the alleged permits for the Properties. See, Docket No. 82.

---

[1] See https://twitter.com/NydiaVelazquez/status/1663688667980873733?s=20. Congresswoman Nydia Velazquez' official Twitter account. Last visited: June 18, 2023. See also Congresswoman Velázquez official government website at the United States House of Representatives, at: https://velazquez.house.gov/

2

6. These statements also appear on Congresswoman Velázquez official government website at the United States House of Representatives, at: https://velazquez.house.gov/.

7. On June 2, 2023, Debtor filed a *Motion to Strike* requesting that Triangle's *Motion to Inform* be stricken alleging that the Congresswoman's statement constituted inadmissible hearsay and requesting sanctions on Triangle. See, Docket No. 88.

8. As detailed below, the Motion to Strike is unfounded and should be denied.

## Legal Basis for Denying the Motion to Strike

### A. The Debtor's Statements to the Court Were Indeed False When Made

9. The Motion to Strike admits exactly what Triangle alleged in the Motion to Inform – that the Debtor did in fact mislead the Court in its prior written allegations in this case. Through the Motion to Strike, the Debtor now seeks to amend its previously false allegations and now admits that it in fact never contacted Congresswoman Velázquez's office. Specifically, the Motion to Strike now alleges:

> *"Since the Office of the Resident Commissioner acted expeditiously, **Mr. Valdés didn't see the need to call Congresswoman Velázquez, as originally intended**, considering for that to do so would be too abrasive by having both the Office of the Resident Commissioner and that of Congreswoman Velázquez double teaming the Corps."*

See, Docket No. 88 at ¶ 6.

10. This statement is in direct contrast to the Debtor's prior statements to this Court, summarized above, where the Debtor had alleged that "Mr. Valdés **is in contact with the offices** of Commissioner Jennifer González and **Congresswoman Nydia Velazquez**." See Par. 2 above.

11. Thus, the Motion to Inform was not only relevant but necessary to correct, as the Debtor now was forced to do in response to it through the *Motion to Strike*, what were misleading and false allegations to this Court.

3

12. Furthermore, it appeared Congresswoman Velazquez agreed that the Debtor changed its position, as on June 6, 2023, Congresswoman Velázquez published another statement regarding the Debtor's allegations in the Motion to Strike[2]:



B. **Congresswoman Velázquez Statements are Admissible.**

13. Further, contrary to the allegations in the *Motion to Strike*, the statements from Congresswoman Velázquez are admissible.

---

[2] See https://twitter.com/NydiaVelazquez/status/1666084693153038338?s=20. Congresswoman Nydia Velazquez' official Twitter account. Last visited: June 18, 2023. See also Congresswoman Velázquez official government website at the United States House of Representatives, at: https://velazquez.house.gov/.

4

14. First, these statements are self-authenticating pursuant to Fed. R. Evid. 902(5). <u>See e.g.</u>, <u>Firehouse Restaurant Group, Inc., v. Scurmont, LLC</u>, 2011 WL 3555704, at *4 (D.S.C. 2011) ("Records from government websites are generally considered admissible and self-authenticating."); <u>Williams v. Long</u>, 585 F. Supp.2d 679, 689 (D.Md. 2008) ("The printed webpage from the Maryland Judiciary Case Search website is self-authenticating under Rule 902(5) ..."); <u>Hispanic Broad Corp. v. Educational Media Foundation</u>, 2003 WL 22867633 at *5 n.5 (C.D. Cal. 2003) ("Other exhibits which consist of records from government websites, such as the FCC website, are self-authenticating").

15. Second, the Court can take judicial notice, pursuant to Fed. R. Evid. 201, that the statements are from Congresswoman Velázquez official twitter account (and her official government website at the United States House of Representatives). <u>See e.g.</u>, <u>Pickett v. Sheridan Health Care Center</u>, 664 F.3d 632, 648 (7th Cir. 2011) (judicial notice taken of consumer price index on government website); <u>Kitty Hawk Aircargo, Inc. v. Chao</u>, 418 F.3d 453, 457 (5th Cir. 2005) (judicial notice of National Mediation Board approval published on agency's website); <u>Reeves v. PharmJet, Inc.</u>, 846 F. Supp.2d 791, 794 n. 1 (N.D. Ohio 2012) ("The Court may also take judicial notice of matters of public record including records of the FDA available on its website.").

16. In fact, the Debtor can also verify this, simply by going to Congresswoman Velázquez' official Twitter account or official government website and verifying that Triangle accurately represented the Congresswoman's statements.

17. Third, the statements are not hearsay, and should be properly considered by the Court, as they are public records from Congresswoman Velázquez and thus properly excluded from hearsay pursuant to Fed. R. Evid. 803(8). <u>Kew v. Bank of America</u>, N.A., 2012 WL

5

1414978, at *3 n. 4 (S.D. Tex. 2012) ("The printout from the Harris County Appraisal District's website is a public record under 803(8)."); Bartlett v. Mutual Pharm. Co., Inc., 760 F. Supp.2d 220, 235 n. 10 (D.N.H. 2011) ("This court admitted the [Food and Drug Administration] analysis into evidence as a full exhibit, since it was a self-authenticated public record available on the FDA's website").

18. For example, in Parker v. State, 85 A.3d 682 (Del. 2014), the Supreme Court of Delaware determined that the trial judge as gatekeeper of evidence may admit a social media post when there is evidence "sufficient to support a finding" by a reasonable juror that the proffered evidence is what its proponent claims it to be. "Although we are mindful of the concern that social media evidence could be falsified, the existing Rules of Evidence provide an appropriate framework for determining admissibility. Where a proponent seeks to introduce social media evidence, he or she may use any form of verification available under [the Federal Rules of Evidence …] to authenticate a social media post." Id. Thus, the trial judge as the gatekeeper of evidence may admit the social media post when there is evidence "sufficient to support a finding" by a reasonable juror that the proffered evidence is what its proponent claims it to be." See Parker v. State, at 687–88 (Del. 2014). See also Sublet v. State, 113 A.3d 695 (Md. 2015) (district court did not abuse its discretion in admission of evidence of Twitter direct messages and public tweets, as evidence was properly authenticated based upon identification of account name as belonging to defendant); U.S. v. Browne, 834 F.3d 403 (3d Cir. 2016) (social media posts can be authenticated with "evidence sufficient to support a finding that the item is what the proponent claims it is").

19. In this case, Congresswoman Velázquez's statements were made through her official Twitter account, the direct links to the statements have been attached herein and can also be easily confirmed through the links provided or through an individual internet search. **Further,**

6

**Congresswoman Velázquez Twitter posts are also included in her official government website**: https://velazquez.house.gov/.

20. Finally, there simply is no basis for awarding the Debtor any sanctions. Triangle simply alerted the Court that the Debtor misled it; and Triangle was correct. To the extent any sanctions should be issued is against the Debtor for not doing a reasonable inquiry and investigation into the allegations it presents the Court. See, Fed. R. Civ. P. 11. While Triangle has not yet requested sanctions, Triangle reserves the right to request sanctions to the extent the Debtor continues to mislead the Court and thus force Triangle to incur fees and expenses to respond.

**WHEREFORE**, Triangle respectfully requests that the Court denies the *Motion to Strike* and the imposition of sanctions on Triangle.

**RESPECTFULLY SUBMITTED.**

San Juan, Puerto Rico, on June 19, 2023.

**WE HEREBY CERTIFY** that on this same date we filed this document using the CM/ECF filing system, which will send a copy to all counsel of record.

M|P|M **MARINI PIETRANTONI MUÑIZ LLC**
*Attorneys for Triangle Cayman Asset Company*
250 Ponce de Leon Ave. Suite 900
San Juan, PR, 00918
Tel.: (787) 406-8555

*S/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
E-mail: lmarini@mpmlawpr.com

*S/ Ignacio J. Labarca-Morales*
Ignacio J. Labarca-Morales
USDC No. 303307
E-mail: ilabarca@mpmlawpr.com

*S/ Paula T. De Felice Alejandro*
Paula T. De Felice Alejandro

USDC No. 307607
E-mail: pdefelice@mpmlawpr.com

8