**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 23-00462 |
| AZURE DEVELOPMENT, INC. | CHAPTER 11 |
| Debtor | |

**REPLY TO OPPOSITION TO MOTION TO STRIKE**

**TO THE HONORABLE COURT:**

COMES NOW Debtor, through its undersigned counsel, and respectfully states and requests:

### I. INTRODUCTION

1. On February 17, 2023, Debtor filed its voluntary petition for relief under 11 U.S.C. Chapter 11 and as of that date has been managing its affairs and operating its business pursuant to 11 U.S.C. § § 1107 and 1108 (**Docket No. 1**).

2. On April 7, 2023, Debtor's secured principal creditor, Triangle Cayman Asset Company ("Triangle Cayman"), filed a motion for the dismissal or conversion to Chapter 7 of the Bankruptcy Code of Debtor's Chapter 11 case (**Docket No. 29**), supplemented on April 13, 2023 (the "Motion") (**Docket No. 35**).

3. On April 20, 2023, Debtor filed its plan of reorganization (the "Plan") and disclosure statement (**Docket Nos. 43** and **44**). The Plan was amended on June 2, 2023 (**Docket No. 87**).

4. On April 24, 2023, Debtor filed its answer to the Motion (the "Answer") (**Docket No. 45**).

5. On May 28, 2023, the parties filed their pretrial report on the Motion (**Docket No. 79**), and on May 30, 2023, Debtor supplemented the pretrial report by submitting its exhibits (**Docket No. 80**).

6. The Motion and the Answer were the object of an evidentiary hearing whereat, only Debtor presented both testimonial and documentary evidence in support of its position that the Motion should be denied, Triangle Cayman limiting itself to arguments premised on the record of the case. The Motion and the Answer are subjudice.

7. After the conclusion of the evidentiary hearing on the Motion, Triangle Cayman, ex-parte filed a "Motion to Inform Statement of Congresswoman Nydia Velazquez Regarding the Debtor's Allegations on Efforts to Obtain Permits" (the "Motion to Inform") (**Docket No. 82**).

8. On June 2, 2023, Debtor filed a motion to strike the Motion to Inform (**Docket No. 88**), which is incorporated by reference herein as if literally transcribed (the "Motion to Strike"), opposed by Triangle Cayman on June 15, 2023 (the "Opposition") (**Docket No. 104**).

9. In its Motion to Strike, Debtor sustains that in the Motion to Inform, Triangle Cayman, in violation of the most elementary evidentiary principles, filed after the conclusion of the hearing an unauthenticated mediatic hearsay statement of unknown sources directed to contradict Debtor's president, Mr. Alfonso Valdés García's ("Mr. Valdés") expressions in Debtor's opposition to the Motion as to his contact with the Honorable Nydia Velázquez; thus Triangle Cayman not only pretending to amend the Bankruptcy Code by advocating that the filing of a Chapter 11 petition by a single asset real estate development company is subject to automatic dismissal under 11 USC (b)(4) because it lacks any income producing activities, but by revoking the most elementary evidentiary principles.

10. In the Opposition, Triangle Cayman avers that Debtor misled the Court as to Congresswoman Velázquez's statement.

## II. ARGUMENT

Triangle Cayman's Motion to Inform Must be Stricken from the Record of this Case as Follows:

**(a) Failure to Comply with LBR 9013-1(b)**

2

11. LBR 9013-1(b) states:

> A motion seeking ex parte relief may be filed only in circumstances in which immediate action is required to maintain the status quo until an appropriate hearing on notice can be conducted. A motion for ex parte relief must be verified or supported by affidavit and must set forth specific facts and circumstances that necessitate ex parte relief. The motion shall include a statement as to why the procedures in subsection (a) of this LBR for urgent hearings are not practical. All orders or proposed orders providing ex parte relief must include the finding that the relief requested could not be delayed, and must indicate that the affected parties may request a hearing on the subject matter addressed in the ex parte motion by filing a motion for review of the ex parte relief within fourteen (14) days of service of the order for ex parte relief. If appropriate, the court will schedule a hearing on such ex parte motion as soon as practicable.

12. The record of the contested matter at bench shows Triangle Cayman's failure to comply with LBR 9013-1(b).

**(b) The Motion to Inform Constitutes Inadmissible Hearsay**

13. Hearsay evidence proves a fact by a statement made out of court which asserts the fact as true. Fed. R. Evid. 801(c). The principal vice of hearsay is the inability of the opponent of the evidence to cross-examine the person who made the out-of-court statement (the "declarant"). The opponent of the evidence is thus unable to get the declarant's testimony as to whether in fact the declarant said what has been attributed to him, what he meant by it, whether he had a reliable basis for the assertion, and whether he might have been influenced by a bias which undermines his reliability. The rule against hearsay reflects concerns about the trustworthiness of out-of-court statements, arising from the fact that such statements are not subject to the tests normally applied to in-court testimony to ensure its reliability. *United States v. Benitez-Avila*, 570 F.3d 364 (U.S. App. 1st Cir. 2009)

14. Federal Rule of Evidence 802 prohibits the admission of hearsay. Hearsay is an "out-of-court statement offered in evidence to prove the truth of the matter asserted in the statement." *United States v. Fígaro-Benjamín*, 394 F. Supp. 3d 191, 195 (D.P.R. 2019) (quoting Fed. R. Civ. P. 801(c)).

3

15. Courts deem hearsay generally unreliable and untrustworthy. *Chambers v. Miss.*, 410 U.S. 284 (U.S. Sup. Ct. 1973). Hearsay is "'inherently untrustworthy'" because of the lack of an oath, presence in court, and cross examination. *United States v. Pelullo*, 964 F.2d 193, 203 (3rd Cir. 1992). The Anglo-American tradition uses three devices to illuminate inaccuracies in the testimonial proof: (i) the oath; (ii) personal presence at trial; (iii) and cross examination. Weinstein's Federal Evidence § 802.02[2][a], at 802-5.

### (c) The Motion to Inform Constitutes a Gross Violation of Debtor's Procedural Due Process Right

16. The Fourteenth Amendment states: "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Due Process Clause encompasses two distinct forms of protection: (i) procedural due process, which requires a state to employ fair procedures when depriving a person of a protected interest; and (ii) substantive due process, which guarantees that a state cannot deprive a person of a protected interest for certain reasons. *Lee v. Univ. of New Mexico*, 500 F. Supp. 3d 1181 (D.C. N.M. 2020). These due process principles are equally applicable to litigation between private citizens and encompass what is stated under letter (b) above.

**WHEREFORE,** it is respectfully requested that the Opposition be denied.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

San Juan, Puerto Rico, this 28th day of June 2023

*s*/**CHARLES A. CUPRILL-HERNÁNDEZ**
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices
**Counsel for Debtor**
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel: 787-977-0515
Fax: 787-977-0518
E-mail: cacuprill@cuprill.com

4

5

5