UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 23-00462 |
| AZURE DEVELOPMENT, INC. | CHAPTER 11 |
| Debtor | |

### ANSWER TO MOTION TO INFORM AND FOR FINDING TRIANGLE CAYMAN ASSET COMPANY IN VIOLATION OF THE AITOMATIC STAY
### (DOCKET NO. 116)

**TO THE HONORABLE COURT:**

COMES NOW, Azure Development, Inc. ("Azure"), through its undersigned counsel, and respectfully states and requests:

1. On February 17, 2023, Azure filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code") and as of that date has been managing its affairs as a debtor-in-possession pursuant to Section 1107 of the Code, with the duties and responsibilities of a trustee as set forth in Section 1107. (See **Docket No. 1** and Section 1107 of the Bankruptcy Code)

2. Prior to the Petition Date, on November 21, 2003, Banco Bilbao Vizcaya Argentaría Puerto Rico ("BBVA") and Azure entered into a Loan and Security Agreement, amended on May 28, 2010, and January 16, 2014 (the "Loan Agreement"), for the principal amount of $1,725,000.00 (the "Loan"). (See Claims Register, Claim No. 1, Exhibit C, Loan Agreement).

3. As reflected in the last amendment to the Loan Agreement, dated January 16, 2014, its maturity date was December 31, 2014. (See, *Id.* at p. 30).

4. The last amendment to the Loan Agreement provided that the amounts owed by Azure, at such time, $1,175,000.00 would be payable in eleven (11) equal, consecutive, monthly installments of interest only, plus a final payment of the unpaid and outstanding

principal balance due and interest thereon at the stipulated rate, payable on December 31, 2014. *Id.*

5. To secure the obligations under the Loan Agreement, on November 21, 2003, Debtor subscribed a Mortgage Note (the "Mortgage Note") in the principal amount of $1,750,000.00, payable on demand, authenticated under affidavit number 67,618 of Notary Public Ernesto González Piñero. (See, Claims Register, Claim No. 1, Exhibit B, Mortgage Note).

6. The Mortgage Note is secured by Deed of First Mortgage Number 132 (the "Mortgage" and collectively with the Loan Agreement and the Mortgage Note, "Debtor's Loan Documents") executed by Azure on November 21, 2003 before Notary Public Ernesto González Piñero, constituted over two (2) adjacent lots, namely, property numbers 4,969 and 5,722, assigning $1,697,500.00 to property number 4,969 and $52,500.00 to property number 5,722 (the "Properties"). (See, Claims Register, Claim No. 1, Exhibit C, Mortgage Deed).

7. Through the Mortgage, Azure granted to BBVA, later Oriental Bank, and now Triangle Cayman Asset Company ("Triangle Cayman") a first priority lien over the Properties.

8. Upon the filing by Azure of its Chapter 11 petition, the automatic stay of Section 362(a)(1) of the Code was triggered and Case No. NSCI2015-00410 before the Court of First Instance of Puerto Rico, Fajardo Section, styled *Triangle Cayman Asset Company v. Azure as principal and Cost Control Company, Inc. ("Cost Control") and Fideicomiso Valdés Acevedo* as guarantors, was stayed against Azure due to the filing of Azure's Chapter 11 petition (the "State Court Action").

9. Section 541(a)(1) of the Bankruptcy Code titled Property of the Estate provides that:

> (a)The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of inter alia, all the following property, wherever located and by whomever held:

2

(1)Except as provided in subsections (b) and (c)(2)[1] of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

10. The $153,289.74 deposited by Azure with the State Court on December 28, 2016 in Case No. NSCI2015-00410, in the exercise of its redemption rights under Puerto Rico's Civil Code Article 1220, 31 LP.R.A. § 9581, arose from an additional loan to Azure by Cost Control for said amount, and thus constitutes property of Azure's bankruptcy estate as provided for in Section 541(a)(1), protected by the automatic stay provisions of Section 362(a)(1).

11. Azure's debt to Cost Control for money loaned is reflected in Azure's bankruptcy schedule E/F, including the $153,289.74, protected by the automatic stay, as follows:

| 3.1 | Nonpriority creditor's name and mailing address<br>Cost Control Company, Inc.<br>P.O. Box 192095<br>San Juan, PR 00919<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: **Loan**<br>Is the claim subject to offset? ■ No ☐ Yes | Amount of claim<br>$575,516.00 |
|---|---|---|---|

12. The automatic stay affords a debtor fundamental protection under the Bankruptcy Code. See, e.g. *Midatlantic Nat' Bank v. New Jersey Dep't of Envt'l Protection*, 474 U.S. 494, 503 (1986) ("the automatic stay provisions of the Bankruptcy Code have been described as one of the fundamental debtor protections provided by the bankruptcy law.").

13. The purpose of the automatic stay is "to preserve what remains of the debtor's insolvent estate ... [and prevent] a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982). Further, the automatic stay is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *In re Dolen*, 265 B.R. 471, 479 (Bankr.M.D. Fla. 2001) (quoting *SEC v. Brennan*, 230 F.3d 65, 70 (2d. Cir.

---

[1] Inapposite to this case.

3

2000); *In re Rimsat, Ltd.*, 98 F.3d 956, 961 (7th Cir. 1996) (non-bankruptcy proceeding "did imperil the orderly administration of the bankruptcy proceeding, and by doing so it posed an indirect threat to the estate").

14. In the Motion to Inform (the "Motion"), filed on July 12, 2023 (**Docket No. 116**), Triangle Cayman readily admits its willful violation of the automatic stay by averring that through its opposition and advocacy against the disbursement of the $153,289.74, property of Azure's estate and necessary for its successful reorganization, as established in Azure's plan or reorganization and disclosure statement (**Docket Nos. 43** and **44**), the State Court denied the requested the withdrawal of the $153,289.74. To add salt to injury Triangle Cayman filed the Motion for the purpose of attempting to derail Azure's advanced Chapter 11 proceedings by using it as a tool to attack the feasibility of the Plan, warranting the imposition of sanctions and attorney's fees thereon.

15. As indicated above, Section 541 of the Bankruptcy Code titled "Property of the estate" provides that the commencement of a case under Chapter 11 creates a bankruptcy estate, whichever located and whomever held consisting of, among others of the property listed under subsections (a)(1) of Section 541, as follows:

> (1) Except as provided in subsections (b) and (c)(2)[2] of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

16. In turn, 28 U.S.C. § 1334(a) gives the court in which the bankruptcy case is commenced exclusive jurisdiction over property of the estate, in this case over Azure's properties and operations, including the $153,289.74. To this effect, 28 U.S.C. § 1334(e)(1) states:

> (e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—
> (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate

---

[2] Inapposite to this case.

4

17. This jurisdiction has been delegated to this Court pursuant to 28 U.S.C § 157(a)(b)(1) and (2)[3] by the General Order of Referral of Title II Proceedings, dated July 19, 1994 (Torruella, C.J.). The matters before this Court are core proceedings in accordance to 28 U.S.C § 157(b).

18. Not only the above sections of law prevent the State Court in Case No. NSCI2015-00410 from interfering with the operation of Azure's business and its properties, as it lacks jurisdiction to do so, but also by 11 U.S.C. § 362(a)(1) and (2), as indicated below.

19. 11 U.S.C. §362(a)(1), (2) and (3), triggered by the filing of the Azure's Chapter 11 petition, provides as follows:

> (a)Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> (1)the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2)the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

---

[3] 28 U.S.C § 157(a)(b)(1) and (2) provide:

> a)Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
> (b)
> (1)Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
> (2)Core proceedings include, but are not limited to—
> (A)matters concerning the administration of the estate; ….
> (L)confirmations of plans; ….
> (O)other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims;

5

>   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

20. Consequently, as provided for in Section 362(c)(1) and (2) of the Code, as to the automatic stay in this case:

>   (c) Except as provided in subsections (d), (e), (f), and (h)[4] of this section—
>   (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
>   (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
>   (A) the time the case is closed;
>   (B) the time the case is dismissed; or
>   (C) if the case is a case under chapter 7 of this title concerning an individual[5] or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

21. Subsection (d), 11 U.S.C. § 362(d)(1), applicable to this case, provides the mechanism in order for a party, such as Triangle Cayman the manner for obtaining relief from the provisions of 11 U.S.C. § 362(a)(1) and (2) as follows:

>   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

22. As it appears from the docket of the case before this Court, Triangle Cayman never requested relief from the automatic stay provisions of Section 362(a)(1), (2) or (3), to attach or in any way interfere with the $153,289.74. The motion for relief from stay filed by Triangle Cayman at Docket No. 60, which is still pending, seeks for the Court to grant Triangle Cayman leave to foreclose on the Properties under Section 362(d)(3) or in the alternative under Section 362(d)(1) to enter final judgment, Azure's Chapter 11 not having been closed or

---

[4] The exceptions of subsections (c), (f) and (h) are inapposite to this case.
[5] Azure is not an individual.

6

dismissed, the automatic stay remains in full force and effect, the State Court being impeded from undertaking any proceedings in reference to the withdrawal of the $153,289.74.

23. It is well established that the scope of Section 362(a) is simple. All proceedings are stayed, including arbitrations, renewal of licenses, both of administrative or judicial nature.

24. Section 362(a) stays in a specific manner the enforcement against a debtor (Azure) or its property, even of a judgment obtained prior to the commencement of the bankruptcy case, which in this case no judgment has been entered against Azure in Case No. NSCI2015-00410.

25. It is a cardinal principle that actions in violation of the automatic stay are void and without effect, except in limited circumstances based on equitable principles. *In re Bloom*, 875 F.2d 224 (9th Cir. 1989); *In re Colonial Realty Co.*, 980 F.2d 125 (2nd Cir. 1992); *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905 (6th Cir. 1993); *In re Soares*, 107 F.3d 969 (1st Cir. 1997); *In re Vierkant*, 240 B.R. 317 (B.A.P. 8th Cir. 1999); *Far Out Prods. V. Oskar*, 247 F.3d 986 (9th Cir. 2001); *In re Somerset, Inc.*, 2013 Bankr. LEXIS 2929 (Bankr. D. Id. 2013); *In re Empresas Martinez Valentin Corp.*, 2017 Bankr. LEXIS 941 (Bankr. D.P.R. 2017)

26. In the case of *In re Empresas Martinez Valentin Corp., supra*, this Court held that in the First Circuit actions in violation of the automatic stay are void, without any legal effect, including judicial orders.

27. It has been decided that state courts don't have concurrent jurisdiction to modify or annul the automatic stay and that the bankruptcy courts are not subject to a modification of the automatic stay by a state court. *In re Gruntz*, 202 F.3d 1074, 1082-83 (9th Cir. 2000)

28. A bankruptcy court is not obligated to extend full faith and credit to a determination of a state court or state administrative agency made in violation of the automatic stay. The reasoning of *In re Gruntz, supra*, applies to administrative and judicial proceedings,

7

as well as to all the doctrines of impediments, collateral estoppel, *res judicata* and Rooker-Feldman. *In re Dunbar*, 245 F.3d 1058 (9th Cir. 2001)

29. The violation of the automatic stay constitutes a violation of an order of the bankruptcy court and as such a contempt to said court, exposing the violator(s) to sanctions, damages and attorneys' fees. The Bankruptcy Code provides a debtor with remedies for violations of the automatic stay. Where an individual debtor is damaged by a willful violation of the stay, § 362(h) provides for a recovery of damages, costs and attorney's fees. *In re Heghmann*, 316 B.R. 395, 404 (1st Cir. B.A.P. 2004)

30. Punitive damages usually require more than mere willful violation of the automatic stay. Relevant factors are: (1) **the nature of the creditor's conduct**; (2) the creditor's ability to pay damages; (3) **the motive of the creditor**; and (4) any provocation by the debtor. (Emphasis added) *In re Heghmann, supra*, 405 citing *In re Sumpter*, 171 B.R. 835 at 845 (Bankr. N.D. Ill. 1994)

31. The primary purpose of punitive damages awarded for a willful violation of the automatic stay is to cause a change in the creditor's behavior; . . . [and] . . . the prospect of such change is relevant to the amount of punitive damages to be awarded. *In re Heghmann, supra*, 406 citing *In re Dunning*, 269 B.R. 357, 363 (Bankr. N.D. Ohio 2001)

32. The First Circuit has joined other circuits by deciding that non-individuals, including corporations, as Azure, can recover for violation of the automatic stay under the contempt powers of the bankruptcy court through Section 105(a) of the Bankruptcy Code[6]. *In re Empresas Martinez Valentin Corp., supra,* p. 22-23; *In re El Comandante Mgmt. Co., LLC*, 358 B.R. 1, 11 (Bankr. D.P.R. 2006).

---

[6] (a)The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

8

33. As decided in *Accusoft Corp. v. Palo*, 237 F.3d 31, 41 (1st Cir. 2001), the injunction of the automatic stay qualifies as an order of the bankruptcy court. *In re San Angelo Pro Hockey Club, Inc.*, 292 B.R. 118, 124 (Bankr. N.D. Tex. 2007). The automatic stay is a self-executory injunction and therefore, for purposes of contempt, constitutes such an order.

34. Triangle Cayman as well as the State Court have been advised and have knowledge of the effectiveness of the automatic stay as to Azure in Case No. NSCI2015-00410 and as such any violation thereof would be intentional, the last requirement for such a violation to be considered contempt of this Court. *In re Empresas Martinez Valentin Corp., supra*, p. 23 citing *In re Pace*, 67 F.3d 187, 191 (9th Cir. 1995); *In re Ruiz*, 2021 Bankr. LEXIS 3504 (Bankr. D.P.R. 2021); *In re De Jesus Saez*, 721 F.2d 848 (1st Cir. 1983); *In re Ruiz*, 2017 Bankr. LEXIS 714 (Bankr. D.P.R. 2017). Under Section 105(a), the Court has discretion to grant damages for a willful violation of the automatic stay. *In re Empresas Martinez Valentin Corp., supra*, at p. 23, referring to *In re A&J Auto Sales, Inc.*, 210 B.R. 667, 671 (Bankr. D. N.H. 1997)

35. To continue with the State Court action constitutes a violation of the automatic stay of Section 362(a)(1), (2) and (3).

**WHEREFORE**, it is respectfully requested that the Court imposes severe sanctions and attorney's fees on Triangle Cayman for its willful violation of Section 362(a) of the Bankruptcy Code by interfering with the withdrawal of the $153,289.74, which constitutes property of Azure's bankruptcy estate, enjoining Azure from further doing so, and grant such other equitable relief as the Court deems proper.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

San Juan, Puerto Rico, this 18th day of July 2023

9

*s*/**CHARLES A. CUPRILL-HERNÁNDEZ**
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices
**Counsel for Debtor**
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel: 787-977-0515
Fax: 787-977-0518
E-mail: cacuprill@cuprill.com