# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>AZURE DEVELOPMENT, INC.<br><br>Debtor. | Case No. 23-00462 (ESL)<br><br>Chapter 11 |

## MOTION TO INFORM RULING OF COURT OF APPEALS, FURTHER LOSSES, AND REITERATING REQUEST FOR DISMISSAL

TO THE HONORABLE ENRIQUE S. LAMOUTTE INCLÁN
UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW** secured creditor Triangle Cayman Asset Company ("Triangle"), by its undersigned counsel, and respectfully submits this informative motion (the "Motion to Inform"), reiterating its request for dismissal, for the following reasons:

## BACKGROUND

1. On February 17, 2023 (the "Petition Date"), Azure Development, Inc. ("Debtor") filed a voluntary petition under the provisions of chapter 11 of the Bankruptcy Code. See, Docket No. 1.

2. On April 7, 2023, Triangle filed a motion requesting the Court to dismiss the captioned case (the "Motion to Dismiss") based on Debtor's continuing loss and diminution of the bankruptcy estate, coupled with an absence of likelihood of rehabilitation, pursuant to 11 U.S.C. §1112(b)(4)(A). See, Docket No. 29.

3. After several procedural events, a hearing (the "Hearing") on the Motion to Dismiss was held on May 31, 2023. See, Docket No. 97.

1

4. Since the Hearing, the contested matters regarding the Motion to Dismiss have been fully briefed and submitted for Court adjudication, with the Court taking the same under advisement[1].

5. Moreover, after Triangle amended its proof of claim, asserting the secured amount of $1,747,130.09 (the "Triangle Claim") on July 10, 2023, the Court granted Debtor's motion to withdraw its objection thereto. See, Docket Nos. 113, 114. The Triangle Claim is, therefore, uncontested.

6. Among the allegations included in the Motion to Dismiss are that the Debtor is operating at a loss.

7. Triangle files this Motion to Inform the Court of additional events which further support the Motion to Dismiss and to reiterate and request that the Court grant such motion.

**Further Developments Since Filing Motion to Dismiss**

**A. Decision by Court of Appeals Confirming that Consigned Funds will not be Disbursed to Cost Control or the Debtor.**

8. The Debtor has previously asserted that it would fund its potential plan by using certain funds, in the approximate amount of $153,000, deposited by Cost Control as part of the action pending in the Court of First Instance of Fajardo (the "CFI"), Case No. NSCI 201500410 (the "State Court Action").

9. Accordingly, Cost Control filed numerous requests in the CFI to request that the deposited funds be disbursed to Cost Control; Triangle opposed all such requests.

---

[1] A motion for relief from stay is also pending, through which Triangle seeks relief, pursuant to 11 U.S.C. §362(d)(3), as the captioned case **(i)** is a Single Asset Real Estate case, **(ii)** Debtor has made no monthly payments to Triangle as set forth in subsection 362(d)(3)(B) and **(iii)** for the reasons stated in Triangle's objection to the approval of Debtor's Disclosure Statement (ECF No. 59), Debtor's proposed Plan has no credible path to reorganization.

10. On July 6, 2023, the CFI denied the requests by Cost Control requesting the withdrawal of certain amounts deposited in the State Court Action.

11. Cost Control appealed such ruling.

12. On September 11, 2023, the Court of Appeals issued a ruling denying Cost Control's petition for a writ of certiorari, affirming—after finding no error in—the CFI's ruling concluding (as this Honorable Court did) that the funds deposited in the State Court Action are not part of Debtor's bankruptcy estate. See, **Exhibit A**.

13. As a result, the funds deposited in the State Court Action cannot be withdrawn by Cost Control, and, therefore, cannot be used as contemplated in the chapter 11 plan's (the "Plan") projections attached to Debtor's Disclosure Statement[2]. See, Docket No. 44-8, p. 2.

14. Triangle submits this Motion to Inform the Court of the decision by the Court of Appeals, and attaches such decision as **Exhibit A.**

### B. The Debtor Continues to Accumulate Liabilities and Losses

15. As of today, because Triangle's status as an oversecured creditor is uncontested, in interests alone, the Triangle Claim has accrued the following unpaid amounts since the Petition Date:

| Period | Triangle Claim Per Diem | Days Lapsed | Total Interests Accrued |
|---|---|---|---|
| February | $235.35 | 11 | $2,588.85 |
| March | $235.35 | 31 | $7,295.85 |
| April | $235.35 | 30 | $7,060.50 |
| May | $235.35 | 31 | $7,295.85 |
| June | $235.35 | 30 | $7,060.50 |
| July | $235.35 | 31 | $7,295.85 |
| August | $235.35 | 31 | $7,295.85 |
| September | $235.35 | 14 | $3,294.90 |
| | | | **$49,188.15** |

16. The above stated amounts are exclusive of reasonable attorneys' fees, costs and charges to which Triangle is entitled to pursuant to 11 U.S.C. §506(b).

---

[2] Notably, such projections indicated that those funds would be received on July 31, 2023.

3

17. On the other hand, the MORs filed since the Hearing reflect further losses and diminution to the estate:

| MOR Period | Docket Reference | Receipts | Disbursements | Net Total |
|---|---|---|---|---|
| May | ECF No. 99 | $5,000.00 | $5,031.00 | ($31.00) |
| June | ECF No. 115 | $0.00 | $5,000.00 | ($5,000.00) |
| July | ECF No. 135 | $10,000.00 | $5,000.00 | $5,000.00 |
| | | | | **($31.00)** |

See, Docket Nos. 99, 115, 135.

18. Moreover, as it appears in a balance sheet dated July 31, 2023, attached to the July 2023 MOR, Debtor's total liabilities have also increased by **$10,000.00** since the Petition Date, specifically, from $3,768,590.00—reflected in the February 28, 2023, Balance Sheet attached to the February MOR—to $3,778,590.00. See, Docket No. 135-1, p. 3[3]; compare with, Docket No. 30-1.

19. Furthermore, Debtor's latest MOR indicates that, as of July 31, 2023, it had **$13,740.00** in unpaid, professional fees. See, Docket No. 135-1, p. 6. As it appears from the case record, these amounts have since increased by **$10,817.10** (ECF No. 119) and **$27,762.25** (ECF No. 139).

20. Similarly, none of the MORs indicate that the Debtor has paid any real estate taxes since the Petition Date. Based on the proof of claim filed by CRIM, since the Petition Date, at least two post-petition tax assessments for real estate taxes have been left unpaid, further accruing at least $2,550.16 and $92.36, for a total of **$2,642.50**. See, Claims Register, Claims No. 3, 4.

---

[3] As it appears in the July 2023 MOR, the $10,000.00 pertains to an unauthorized, undisclosed post-petition loan "due to related parties".

4

21. Thus, assuming that the amounts in the case record are correct, the estate has accrued at least **$114,150.02** in unpaid post-petition expenses.

| Nature of Liability | Post-petition Accrued Amounts | Docket Reference |
|---|---|---|
| Triangle Claim Interests | $ 49,188.15 | Claim No. 1-2 |
| Unpaid Real Estate Taxes | $ 2,642.52 | Claim Nos. 3, 4 |
| Approved Legal Fees | $ 13,740.00 | ECF No. 90; ECF No. 135-1, p. 6. |
| Legal Fees to be Approved | $ 27,762.25 | ECF No. 139 |
| Financial Advisor Fees | $ 10,817.10 | ECF No. 138 |
| Undisclosed Post-Petition Loan | $ 10,000.00 | ECF No. 135-1, p. 3 |
| | $ 114,150.02 | |

22. The above reveals that, with the net total cash inflows, consisting of advances by Cost Control of $9,250.00, received by Debtor as of April 2023 (ECF No. 79, p. 12) and the losses reflected as of July 31, 2023, it is indisputable that the Debtor estate has suffered a diminution and that it has been operating with continuing losses since the Petition Date[4].

23. Triangle requests that the Court take notice of the above and grant the Motion to Dismiss.

**WHEREFORE,** Triangle Cayman Asset Company respectfully requests this Court to take notice of the foregoing and that it enters an order granting the Motion to Dismiss.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 14th day of September 2023.

*s/ Ignacio J. Labarca-Morales*
M | P | M **MARINI PIETRANTONI MUÑIZ**
*Attorneys for Triangle Cayman Asset Company*

Luis C. Marini-Biaggi - USDC No. 222301
Carolina Velaz-Rivero – USDC No. 300913
Ignacio J. Labarca-Morales – USDC No. 303307

250 Ponce De León Ave.
Suite 900

---

[4] Triangle submits this analysis solely for purposes of illustrating Debtor's continuing insolvency. Nonetheless, as previously submitted by Triangle, Triangle asserts that the amounts labeled as "receipts" under the Debtor's MORS should not be regarded as "income" of the Debtor but, rather, unauthorized post-petition loans/debts. See, In re Frysinger, 648 B.R. 386, 389 (Bankr. D. Or. 2022) (noting that, although income is not defined in the Bankruptcy Code, a common theme in its ordinary meaning is that "income is not an asset itself but is instead revenue accruing on account of an asset or performance of a service over time".)

San Juan, PR 00918
Tel.: (787) 705-2171

lmarini@mpmlawpr.com
cvelaz@mpmlawpr.com
ilabarca@mpmlawpr.com