## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No. 23-00462 (ESL) |
| AZURE DEVELOPMENT, INC. | Chapter 11 |
| Debtor. | |

### JOINT MOTION FOR DISMISSAL OF CASE
### PURSUANT TO SETTLEMENT AND RELEASE AGREEMENT

TO THE HONORABLE ENRIQUE S. LAMOUTTE
UNITED STATES BANKRUPTCY JUDGE:

**COME NOW** Triangle Cayman Asset Company ("Triangle"), and Azure Development Inc.("Debtor") and jointly with Triangle, the "Parties"), through their respective undersigned counsel, and respectfully submit this *Joint Motion for Dismissal* (the "Dismissal Motion"), requesting that the Court enter an order, substantially similar in form and substance to the one proposed herein as **Exhibit A**, pursuant to the terms and conditions of that certain *Forbearance, Discounted Payoff And Settlement And Release Agreement* (the "Settlement Agreement"), approved pursuant to this Court's *Order Granting Motion For Approval Of Settlement And Release Agreement Pursuant To Fed. R. Bankr. Pr. 9019* (the "9019 Order") (ECF No. 164). In support of this Dismissal Motion, the Parties hereby state and pray as follows:

### PRELIMINARY STATEMENT

As stated in the joint motion for approval, pursuant to Fed. R. Bankr. P. 9019 of the Settlement Agreement (the "9019 Motion") (ECF No. 156), Debtor and Triangle have reached and executed the Settlement Agreement that finally resolves years of pending controversies between the Parties. As noted in the 9019 Motion, because it is a stipulated fact that the captioned case is a two-party dispute, one of the main benefits to the estate of the Settlement Agreement is that it resolves this two-party dispute and avoids the depletion of valuable resources, time, and efforts

that the continued litigation thereof would otherwise entail. To that end, the Settlement Agreement —the terms of which are now binding between the Parties, contemplates the elimination of chapter 11 administrative fees through the dismissal of the captioned case, with a bar to refile of three years (specifically, 1,095 days) from the date of the entry of the dismissal order.

For these reasons, and those detailed below, the Parties respectfully request that the Court enter an order granting this Dismissal Motion, pursuant to the terms and conditions of the Settlement Agreement. The Parties note that this request to dismiss is contingent and conditioned on the Court including, in any order dismissing this case, a bar to refile or commence any bankruptcy proceeding of three years, starting from the date that this case is dismissed.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Dismissal Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the scope of 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and of the Dismissal Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief requested herein are Sections 105(a) and 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

4.      On February 17, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, under case num. 23-00462 (ESL-11) (the "Bankruptcy Case"). See Docket No. 1.

5.      Since the Petition Date, Debtor has been managing its affairs and operating its businesses as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6.      Since the Petition Date, the Parties have actively engaged in the litigation of an adversary proceeding (ECF No. 41) and several contested matters, including a motion to dismiss

pursuant to 11 U.S.C. §1112(b)(4)(A) (ECF No. 29), a motion for relief from stay pursuant to 11
U.S.C. §362(d)(3) (ECF No. 60) and an objection to the approval of Debtor's disclosure statement
(the "Bankruptcy Litigations") (ECF No. 59).

### BASIS FOR REQUESTED RELIEF

7.      The Parties respectfully request that the Court enter an order dismissing the case
pursuant to 11 U.S.C. §1112(b) and the terms and conditions of the Settlement Agreement.
Specifically, the Parties submit that the execution of the Settlement Agreement renders moot the
protections that Debtor sought through this Bankruptcy Case, as part of the terms of such
agreement provide that the Debtor will have a period of time to sell or refinance its  real estate (the
"Real Estate Collateral") or otherwise pay Triangle as set forth in the Settlement Agreement and
focus on all efforts to sell the Real Estate Collateral without having to face, during that time,
continued litigation in the Bankruptcy and State Court. Furthermore, the Settlement Agreement
also resolves the controversies in the case styled *Triangle Cayman Asset Company v. Azure
Development, Inc., et al*, Civil Case No. NSCI2015-00410, Puerto Rico Court of First Instance
("CFI"), Fajardo Section (the "State Court Action"), and all appellate proceedings stemming
therefrom. Debtor submits that as a result of the Settlement Agreement, it has reached a settlement
with its main creditor and, thus, seeks this dismissal to avoid additional administrative expenses
and costs and to implement the terms of the Settlement Agreement.

8.      As noted by commentators Levin and Sommer:

"In evaluating the purposes of chapter 11 as they relate to section 1112(b), it is also
important to bear in mind that Congress designed the reorganization process to provide a
forum for the negotiated resolution of the debtor's case in a manner that is as
accommodating as possible. On the other hand, not every case is capable of bearing the
weight of this ideal. In reality, while the chapter 11 forum provides a medium for
negotiation and an opportunity to better accommodate the interests of a broad range of
constituents by potentially preserving the value of the debtor as a going concern, the Code
does not guarantee this result or **even require its pursuit beyond the point at which the**

**costs are not justified or the intended benefits of the process are unlikely to be obtained**."

<u>See</u>, Richard Levin & Henry J. Sommer, 7 <u>Collier on Bankruptcy</u> ¶1112.04[5][b] (16th ed. 2023), Basic *Purposes of Chapter 11 Related to Section 1112(b), Providing for Negotiated Accommodation*. (Emphasis added).

9.      Here, following the Debtor's business judgment, Debtor hereby requests, and Triangle agrees subject to the entry of the bar to refile of three years, the voluntary dismissal of the captioned case.

10.     Lastly, conversion instead of dismissal would yield no benefit to the estate and creditors, as it would result in an additional layer of administrative expenses and fees of a chapter 7 trustee who would be appointed to, in effect, conduct the same transactions that the Parties have agreed the Debtor will conduct pursuant to the Settlement Agreement: the sale or financing of the Real Estate Collateral or otherwise pay Triangle as set forth in the Settlement Agreement, the failure of which resulting in the foreclosure of Triangle of the Real Estate Collateral in the State Court Action as full payment and−subject to the terms and conditions of the Settlement Agreement− release of the defendants in said case.

11.     For the reasons detailed herein, the Parties respectfully request that the Court grant this Dismissal Motion.

**WHEREFORE**, the Parties respectfully request that the Court enter an order dismissing the captioned case with a bar to re-file for three (3) years (or 1,095 days) from the date of entry of such order.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case, including, but not limited to, Debtors' counsel and the U.S. Trustee.

## <u>NOTICE</u>

Within seven (7) days after service as evidenced by the certification, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein,

shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico on or before **January 19, 2024**. If no objection or other response is filed within the time allowed herein, this paper will be deemed unopposed and may be granted without a need for a hearing unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED,**

San Juan, Puerto Rico, this 12th day of January, 2024.

**CHARLES A. CUPRILL LAW OFFICE, P.S.C.**
*Attorneys for Debtor*
356 Calle Fortaleza
Second Floor
San Juan, P.R. 00901
Tel: (787) 977-0515

*/s/ Charles A. Cuprill-Hernández*
Charles A. Cuprill-Hernández
USDC No. 114312
E-mail: ccuprill@cuprill.com

*/s/ Ignacio J. Labarca-Morales*
M | P | M **MARINI PIETRANTONI MUÑIZ LLC**
*Attorneys for Triangle Cayman Asset Company*
Luis C. Marini-Biaggi - USDC No. 222301
Ignacio Labarca-Morales - USDC No. 303307

250 Ponce De León Ave.
Suite 900
San Juan, PR 00918
Tel.: (787) 705-2171

lmarini@mpmlawpr.com
ilabarca@mpmlawpr.com

**<u>Exhibit A</u>**

*Proposed Dismissal Order*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

AZURE DEVELOPMENT, INC.

Debtor.

Case No. 23-00462 (ESL)

Chapter 11

### ORDER DISMISSING BANKRUPTCY CASE PURSUANT TO SETTLEMENT AND RELEASE AGREEMENT UNDER FED. R. BANKR. 9019

**WHEREAS,** Triangle Cayman Asset Company ("Triangle"), and Azure Development Inc.("Debtor") and jointly with Triangle, the "Parties") jointly filed a *Joint Motion For Dismissal Of Case* (the "Dismissal Motion") pursuant to the *Forbearance, Discounted Payoff And Settlement And Release Agreement* (the "Settlement Agreement") executed on November 21, 2023, by the Parties, Cost Control Company, Inc. ("Cost Control"), Alfonso Valdés García ("Valdés") and Fideicomiso Valdés-Acevedo ("Fideicomiso" and together with Cost Control and Valdés, the "Guarantors");

**WHEREAS**, on December 6, 2023, the Parties filed a joint motion for approval of the Settlement Agreement pursuant to Fed. R. Bankr. P. 9019 (the "9019 Motion").

**WHEREAS**, on January 3, 2024, in finding that notice of the 9019 Motion was appropriate under the particular circumstances to all interested persons and entities, including the Office of the United States Trustee; that the relief sought in the 9019 Motion was in the best interests of the Debtor's estate, its creditors, and other parties in interest, and that the legal and factual bases set forth in the 9019 Motion established just cause for the relief granted therein; and after due deliberation and sufficient cause appearing therefor, this Court entered an order granting the 9019 Motion (the "9019 Order");

**WHEREAS**, as part of the terms and conditions of the Settlement Agreement, the 9019

Motion and the 9019 Order, the Parties agreed that the Dismissal Motion would be jointly submitted within seven (7) business days after the entry of the 9019 Order.

**WHEREAS**, the Parties also agreed that, subject to the terms and conditions of the Settlement Agreement, the 9019 Motion and the 9019 Order, all contested matters and litigations between the Parties, in this case and in the case styled *Triangle Cayman Asset Company v. Azure Development, Inc., et al*, Civil Case No. NSCI2015-00410, Puerto Rico Court of First Instance ("CFI"), Fajardo Section (the "State Court Action"), would be resolved and/or voluntarily and jointly sought to be dismissed;

**IT IS FOUND AND DETERMINED THAT**[1]:

1.     The Court has jurisdiction to consider the Dismissal Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334.

2.     The relief requested in the Dismissal Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     Due and proper notice of the Dismissal Motion was adequate and appropriate under the particular circumstances to all interested persons and entities, including the Office of the United States Trustee.

4.     This Court finds and determines that the relief sought in the Dismissal Motion is in the best interests of Debtor's estate, its creditors, and other parties in interest, and that the legal and factual bases set forth in the Dismissal Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; any objections to the relief requested herein are nonexistent, having been withdrawn or overruled on the merits; and after

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See, Fed. R. Bankr. P. 7052

due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

5.      The recitals, determinations, conclusions, and findings set forth above are incorporated into this Dismissal Order.

6.      The Dismissal Motion is GRANTED on the terms set forth herein.

7.      The captioned case is hereby DISMISSED.

**IN LIGHT OF THE GRANTING OF THE DISMISSAL MOTION, IT IS FURTHER ORDERED,**

8.      That Azure Development, Inc. is hereby prohibited from being a debtor under any proceeding under title 11 of the United States Code, whether voluntary or involuntary, for three (3) years (or 1,095 days) from the date of entry of this Dismissal Order.

9.      The terms and conditions of this Order shall be immediately enforceable, and the Parties thereto are authorized to take all actions, and to execute all documents, necessary or appropriate to effectuate the relief granted herein.

**IT IS SO ORDERED**,

San Juan, Puerto Rico, this ___ day of January, 2024.

_____
HON. ENRIQUE S. LAMOUTTE
UNITED STATES BANKRUPTCY JUDGE