**EXHIBIT D**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**AZURE DEVELOPMENT, INC.**<br><br>    Debtor | **CASE NO. 23-000462-ESL**<br><br>**CHAPTER 11** |

### ORDER GRANTING REOPENING OF CASE AND APPROVAL OF SALE OF PROPERTIES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

**WHEREAS,** Debtor filed a Motion to Reopen Case and for Sale of Properties Pursuant to Section 363(f) of the Bankruptcy Code, Free and Clear of All Liens, Claims, Interests and Encumbrances to Implement Settlement and Release Agreement, Approving the Form of the Sale Order with Shortened Objection Period (the "Sale Motion")[1].

**WHEREAS,** as part of the Sale Motion Debtor requested the reopening of the captioned case pursuant to Section 350(b) of the Bankruptcy Code.

**WHEREAS**, the Sale Motion also requests an order approving the sale of the following described real properties (the "Properties") in the Spanish language belonging to Debtor to Punta Banderas Associates, Inc. ("Punta Banderas") under Section 363 of the Bankruptcy Code free and clear of all liens, claims and encumbrances in implementation of the Joint Motion for the Approval of Settlement and Release Agreement (the "Joint Motion") filed by Debtor and Triangle Cayman Association ("Triangle"), whereby they requested the approval of a Forbearance, Discounted Payoff and Settlement and Release Agreement (the "Settlement Agreement") pursuant to Fed. R. Bankr. P. 9010, disposing of all controversies pending between them and related parties (**Docket No. 156**):

    RÚSTICA: Radicada en el Barrio Mata de Plátanos de Luquillo, Puerto Rico, de forma irregular, con una cabida de doce cuerdas con

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in the Sale Motion and its exhibits, as applicable.

setecientas catorce milésimas de otra (12.714 cuerdas.), equivalentes a cuarenta y nueve mil novecientos setenta metros cuadrados con seiscientas ochenta y una milésimas de otro (49,970.681 m-), en lindes por el NORTE, en catorce (14) alineaciones que totalizan cuatrocientos sesenta y cinco metros con setecientas veinticinco milésimas de otro (465.725 m), con la zona marítimo terrestre que la separa del Océano Atlántico; por el SUR, en una alineación de nueve metros con trescientas ochenta y tres milésimas de otro (9.383 m), con el Carlo Embarcadero, en cuatro (4) alineaciones que totalizan doscientos dos metros con seiscientas cuarenta y cinco milésimas de otro (202.645 m), con terrenos de la Familia Pirallo, luego en otras cinco (5) alineaciones que totalizan cien metros con noventa milésimas de otro (100.090 m), con terrenos de la Familia Pirallo, luego en otras tres (3) alineaciones que totalizan sesenta y seis metros con novecientas cuatro milésimas de otro (66.904 m), con terrenos de la Familia Pirallo, luego en una alineación de dieciséis metros con cuatrocientas sesenta milésimas de otro (16.460 m), con terrenos de la Familia Pirallo y en una alineación de ciento cuarenta y seis metros con novecientos cincuenta y seis milésimas de otro (146.956 m), con Half Moon Development Corp.; por el ESTE, en dos (2) alineaciones que totalizan cincuenta y tres metros con, quinientas noventa y nueve milésimas de otro (53.599 m), con la zona marítimo terrestre que la separa del Océano Atlántico y en una alineación de dieciséis metros con doscientas treinta y una milésimas de otro (16.231 m), con terrenos de la Familia Pirallo; y por el OESTE, en dos (2) alineaciones que totalizan treinta metros con ciento una milésimas de otro (30.101 m), con la desembocadura del Carlo Embarcadero que la separa del Océano Atlántico, en una alineación de veintiocho metros con quinientas sesenta y cinco milésimas de otro (28.565 m), con terrenos de la Familia Pirallo y en otra alineación de dieciséis metros con setecientas cinco milésimas de otro (16.705 m) con terrenos de la Familia Pirallo. Property number 4,969 is recorded at page 220 of volume 92 of Luquillo, Registry of the Property of Fajardo.

RÚSTICA: Radicada en el Barrio Mata de Plátanos de Luquillo, Puerto Rico, de forma irregular, con una cabida de cinco cuerdas con setecientas ochenta y dos milésimas de otra (5.782 cuerdas), equivalentes a veintidós mil setecientos veintiséis metros cuadrados con seiscientos noventa y siete milésimas de otro (22,726.697 mc), en lindes por el NORTE, en cuatro (4) alineaciones que totalizan doscientos dos metros con seiscientos cuarenta y cinco milésimas de otro (202.645 m), con terrenos de la Familia Pirallo, luego en cinco alineaciones que totalizan den metros con noventa milésimas de otro (100.090 m), con terrenos de la Familia Pirallo, luego en tres alineaciones que totalizan sesenta y seis metros con novecientas cuatro milésimas de otro (66.904 m), con terrenos de la Familia Pirallo, luego en cuatro alineaciones que totalizan sesenta y cinco metros con quinientos treinta y seis milésimas de otro (65.536 m), con la Parcela C dedicada a use público y en una alineación de nueve

2

    metros con ochocientas sesenta y seis milésimas de otro (9.866 m), con la extensión de Ia Calle D existente; por el SUR, en cinco (5) alineaciones que totalizan doscientos noventa y un metros con cuarenta y siete milésimas de otro (291.047 m), con Sucesión Beascoecheay en seis alineaciones' que totalizan doscientos veinticuatro metros con seiscientas setenta y tres milésimas de otro (224.673 m), con el Carlo Embarcadero; por el ESTE, en una alineación de sesenta y nueve metros con novecientas veintisiete milésimas de otro (69.927 m), con la extensión de la Calle D existente, en otra alineación de dieciséis metros con setecientas cinco milésimas de otro (16.705), con terrenos de la Familia Paralelo, y en otra alineación de veintiocho metros con quinientas sesenta y cinco milésimas de otro (28.565 m), con dichos terrenos de la Familia Paralelo; y por el OESTE, en una alineación de nueve metros con novecientas diez milésimas de otro (9.910 m), con el Carlo Embarcadero que la separa del Océano Atlántico. Property number 5,722 is recorded on page 155 of volume 106 of Luquillo, Registry of the Property of Fajardo.

  **WHEREAS**, the Court has reviewed the Sale Motion and the Exhibits thereto, as well as Debtor's request to reopen the captioned case and has determined that the entry of this order is in Debtor's best interests, that of its estate and all parties in interest.

  **NOW THEREFORE**, upon consideration of Debtor's request to reopen the captioned case and the Sale Motion with its Exhibits, all other proceedings had before the Court and after due deliberation and good cause appearing therefor:

  **IT IS HEREBY FOUND AND DETERMINED THAT[2]:**

  A.  Good cause appearing therefor and Debtor having satisfied the corresponding fee, the above captioned case is hereby reopened.

  B.  The Court has jurisdiction to consider the Sale Motion with its Exhibits, and the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

3

C. Notice of the Sale Motion with its Exhibits, and the relief requested therein has been afforded to all interested parties and entities, including: (i) the Office of the United States Trustee; (ii) all entities, parties, or persons that, or that are known to, hold or have asserted any lien, claim, action, mortgage, attachment, encumbrance in or upon the Properties or against the Debtor and/or its estate (collectively, the "Interests"); (iii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Sale Motion.

D. Other than the approval of this Court, no consents or approvals are required for the Debtor and Punta Banderas or its designee to consummate the Sale of the Properties pursuant to the terms of the Sale Motion.

E. Upon the entering of the Sale Order, Debtor shall have full corporate power and authority to consummate the Sale contemplated by the Sale Motion to Punta Banderas or its designee.

F. Punta Banderas is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, entitled to all of the protections afforded thereby.

G. The approval of the Sale to Punta Banderas will be considered to be deemed fair and reasonable and in the best interests of Debtor's estate.

H. The transfer of the Properties to Punta Banderas or its designee will be a legal, valid, and effective transfer of the Properties and, under section 363 of the Bankruptcy Code, will vest Punta Banderas or its designee with all right, title, and interest of Debtor therein, free and clear of all interests including, (A) those that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of Debtor's interest in the Properties, or any similar rights and (B) those relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Properties prior to the Closing Date.

4

I. One or more of the standards set forth in 11 U.S.C. § 363(f) has been satisfied with respect to the Properties. At Closing, the deed of sale to be executed will be a legal and effective conveyance of the Properties to Punta Banderas or its designee. Those holders of Interests who did not object to the Sale Motion, or who withdrew their objections, as the case may be, are deemed to have consented thereto pursuant to 11 U.S.C. § 363(b)(2) and 363(f)(2). Any and all junior lienholders to the Properties who did not oppose and/or object to the Sale or the Sale Motion, are deemed to have consented to the approval of the Sale free and clear of all liens, claims, encumbrances or interests in accordance to 11 U.S.C. § 363(f)(2). See, 3-363 Collier on Bankruptcy ¶ 363.06; *Future Source LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir. 2002), cert. denied, 538 U.S. 962, 123 S. Ct. 1769, 155 L. Ed. 2d 513 (2003); *In re. Elliot*, 94 B.R. 343 (E.D. Pa. 1988); *In re Tabore, Inc.*, 32 C.B.C.2d 1239, 175 B.R. 855 (Bankr. D.N.J. 1994); *In re Shary*, 152 B.R. 724 (Bankr. N.D. Ohio 1993). Upon the approval of the Sale, any and all such parties will be enjoined and restrained from taking any action, including without limitation, the assertion of exercise of any alleged rights, including any right of ownership, option, first refusal, offset, recoupment, or the assertion of any interest against the Properties or against Punta Banderas or its designee, as well as each of these parties' respective affiliates, agents, or successors, designees or assigns, or against any of the property of the foregoing, including, without limitation, against the Properties transferred to Punta Banderas or its designee by the Sale.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The recitals, determinations, conclusions, and findings set forth above are hereby incorporated into this Order.

2. The Sale Motion is granted and is approved in all respects.

### SALE OF THE PROPERTIES

5

3. Pursuant to Sections 105 and 363 of the Bankruptcy Code, the Sale, transfer, conveyance and assignment of the Properties to Punta Banderas or its designee as approved by the Court, will authorize Debtor, on the Closing Date, to execute any and all documents, instruments and papers and to take all actions necessary and appropriate to effectuate, implement and consummate the transfer to Punta Banderas or its designee of the Properties, including assigning and transferring to Punta Banderas or its designee all of Debtor's and its estate's rights, title, privileges and interests (including common law rights) in and to all of the tangible and intangible property of Debtor included among or related to the Properties. Without limiting the foregoing, and pursuant to the terms and conditions of the Sale Motion, upon the approval of the Sale, Debtor and Punta Banderas or its designee will be authorized and required to, on the Closing Date, to close, transition and consummate the Sale of the Properties to the Punta Banderas or its designee (as provided herein) and all other agreements and documents related thereto, which agreements and documents hereby are authorized and approved in all respects (collectively, the "Closing Documents").

4. Upon the approval of the Sale, all persons and entities, including, but not limited to, all debt security holders, governmental, tax, and regulatory authorities, lenders, landlords, lessors, trade and other creditors including vendors and suppliers and any other third parties holding interests of any kind or nature whatsoever against or in Debtor, or the Properties (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, Debtor, the Properties, or the transfer of the Properties to Punta Banderas or its designee, will be forever barred, estopped, and permanently enjoined from asserting against Punta Banderas or its designee, or their successors, assigns, and transferees, their respective property, or the Properties, such persons' or entities' interests or claims.

5. The transfer of the Properties to Punta Banderas or its designee will constitute a legal, valid, and effective transfer thereof, and shall vest Punta Banderas or its designee with all right, title, and interest of Debtor in and to the Properties free and clear of all interests of any kind or nature whatsoever, whether known or unknown.

6. Upon approval of the Sale, the Sale Documents approved herein shall be binding upon Debtor, all current and former creditors, equity holders, and parties in interest in the captioned case, all persons having or asserting a claim against, or an interest in, Debtor or the Properties, and all parties, persons or entities that directly or indirectly contest the power or authority of Debtor to sell, assign, transfer and convey the Properties or that seek to enjoin any such Sale, assignment, transfer or conveyance and each of their respective successors and assigns.

## CLOSING

7. Debtor is hereby authorized and ordered to execute all of the Closing Documents, in accordance with the Sale Motion, on the Closing Date.

## NO ASSUMPTION OF LIABILITIES

8. Neither Punta Banderas nor its designee, their successors, assigns or transferees, shall be obligated or liable, either directly or indirectly, as successor, transferee or otherwise, for any liabilities or interests of the Debtor, or any of its affiliates (whether under federal or state law or the laws of the Commonwealth of Puerto Rico or otherwise) as a result of the Sale of the Properties including, without limitation, any retention agreements entered into by Debtor prepetition or post-petition or assumed post-petition by order of this Court or otherwise. Neither Punta Banderas nor its designee, their successors, assigns or transferees, shall be or be deemed to be a successor or successor in interest or responsible person or potentially responsible person to Debtor or any current or former creditor, equity holder or other party in interest with respect to any liability or interest, and none shall have any liability (whether under federal or state law or the laws of the Commonwealth of Puerto Rico or otherwise) for successor liability, including, without limitation, with respect to any liabilities or interests arising from

7

or under products liability, tax, environmental, employment or other laws and statutes of the United States, and any of its states, territories and possessions, including the Commonwealth of Puerto Rico.

9. Under no circumstances shall Punta Banderas or its designee be deemed a successor of or to the Debtor for any Interest against or in the Debtor or the Properties of any kind or nature whatsoever. The Sale, transfer, assignment and delivery of the Properties shall not be subject to any interests, and all interests of any kind or nature whatsoever shall remain with, and continue to be Debtor's obligations. All persons holding interests against or in Debtor or the Properties of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such interests of any kind or nature whatsoever against Punta Banderas or its designee, their property, successors, assigns and transferees with respect to any interest of any kind or nature whatsoever such person or entity had, has, or may have against or in the Debtor, its estate, officers, directors, shareholders, or the Properties. Following the Closing Date, no holder of an interest in Debtor shall interfere with the Punta Banderas or its designee's title to or its use and enjoyment of the Properties based on or related to such interest, or any actions that Debtor may take in its Chapter 11 case.

## **OTHER PROVISIONS**

10. Punta Banderas or its designee will acquire the Properties pursuant to this Sale Order in good faith within the meaning of Section 363(m) of the Bankruptcy Code and will be entitled to all of the protections in accordance therewith. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect its validity, unless such authorization is duly stayed pending such appeal.

11. The Sale as approved by the Court and effected pursuant hereto will be deemed to be: (i) fair and reasonable, (ii) not avoidable under Section 363(n) of the Bankruptcy Code or other applicable law and (iii) to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code.

12. This Sale Order and the Sale Documents shall be binding upon any successors and assigns of the Debtor, including without limitation, any trustee appointed for Debtor in the Chapter 11 case or in any superseding proceeding under Chapter 7 of the Bankruptcy Code or otherwise.

13. Upon approval of the Sale by the Court, each and every Commonwealth of Puerto Rico governmental agency or department and state and local governmental agency or department will be directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of title of the Properties to Punta Banderas or its designee free and clear of any and all interests, liens and encumbrances. The Clerk of the Court will issue the corresponding writs directed to such agencies and departments, including the Registry of the Property of Puerto Rico, Fajardo Section, for the consummation of the transfer.

14. All entities which are presently or on the Closing Date may be in possession of some or all of the Properties are directed to surrender their possession to Punta Banderas or its designee on the Closing Date.

15. The Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6006(d), 7062 or otherwise.

16. The Court shall retain exclusive jurisdiction to interpret, construe and enforce the provisions in this Sale Order in all respects and, further, to hear and determine any and all disputes or claims arising under or related to the Sale and transfer of the Properties, the Sale Documents, or Punta Banderas or its designee's involvement, negotiation, or participation under any of the Sale Documents.

17. Nothing contained in any plan which may be confirmed in this case or any order of the Court confirming such plan shall conflict with or derogate the provisions of the Sale Order.

Dated: _____

    San Juan, Puerto Rico

_____
ENRIQUE S. LAMOUTTE
UNITED STATED BANKRUPTCY JUDGE