IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>AZURE DEVELOPMENT, INC.<br><br>Debtor. | Case No. 23-00462 (ESL)<br><br>Chapter 11 |

**YUKIYU'S: (I) OPPOSITION TO URGENT MOTIONS
TO REOPEN CASE AND TO SELL ASSETS; AND (II) RESERVATION OF RIGHTS
AND REQUEST FOR TIME TO SUPPLEMENT IF NEEDED**

TO THE HONORABLE ENRIQUE S. LAMOUTTE INCLÁN
UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW** secured creditor Yukiyú Real Estate LLC ("Yukiyú")[1], successor in interest of Triangle Cayman Asset Company ("Triangle"), by its undersigned counsel, and respectfully submits its (I) Opposition to Azure Development, Inc.'s ("Azure") *Urgent Motion For Reopening Of Case* (the "Motion to Reopen") (ECF No. 177) and the *Urgent Motion to Sell Assets Free and Clear Pursuant to Section 363(f) of the Bankruptcy Code* (the "Motion to Sell") (ECF No. 178); and (II) Reservation of Rights and Request for Time to Supplement, if Needed.

**Opposition to Motion to Reopen**

A. **The Motion to Reopen Must Be Denied as a Result of the Dismissal Order and the Prohibition to Become a Bankruptcy Debtor**

1. The Motion to Reopen is frivolous. The Debtor is prohibited from being a debtor in any bankruptcy proceeding for a period of three years, and the Motion to Reopen is a violation of that order.

---

[1] Yukiyú purchased from Triangle the loan and loan documents, including the Settlement Agreement (defined below), as amended, and all rights and obligations of Triangle thereto, between Azure and Triangle and has been in the process, as specifically provided for in the Settlement Agreement, of foreclosing over the Properties (as defined in the Motion to Reopen) in the Puerto Rico Court of First Instance, Fajardo.

1

2. Specifically, on January 24, 2024, the Court entered an order dismissing the captioned case (the "Dismissal Order"), unequivocally directing as follows:

> "Azure Development, Inc. is hereby prohibited from being **a debtor under any proceeding** under title 11 of the United States Code, whether voluntary or involuntary, for three (3) years (or 1,095 days) from the date of entry of this Dismissal Order".

See, Docket No. 171 (emphasis added).

3. In other words, pursuant to the Dismissal Order, Azure is prohibited from being a debtor under **any** proceeding under the Bankruptcy Code, until January 25, 2027 (the "Prohibition to be a Bankruptcy Debtor").

4. The Motion to Reopen is a clear and unequivocal breach of the Dismissal Order and the Prohibition to be a Bankruptcy Debtor. If the Motion to Reopen is granted, Azure would undoubtedly become a "debtor under a bankruptcy proceeding under title 11 of the United States Code", an action that is specifically prohibited by the Dismissal Order and the Prohibition to be a Debtor.

5. Incredibly, the Motion to Reopen does not even mention or alert the Court of the prior Prohibition to be a Bankruptcy Debtor.

6. The Dismissal Order and the Prohibition to be a Bankruptcy Debtor are clear. They prohibit Azure from being a debtor in **any** bankruptcy proceeding. They are not limited to "subsequent" or "new" bankruptcy proceedings. They apply to **any** bankruptcy proceeding; thus, reopening the case would directly contravene the Prohibition to be a Bankruptcy Debtor. The Court's analysis of the Motion to Reopen should, respectfully, start and end here, as the Motion to Reopen must be denied as a result of the Prohibition to be a Bankruptcy Debtor.

7. Accordingly, Yukiyú requests that the Court enforce its prior Dismissal Order and its prior Prohibition to be a Bankruptcy Debtor – determinations which are final and unappealable – and summarily deny the Motion to Reopen. Yukiyú further respectfully requests that the Court's

order denying the Motion to Reopen toll the 1,095-day period of the Dismissal Order and thus commence such period again upon an entry denying the same.[2]

B. **Azure's Dismissed Bankruptcy Case Cannot be Reopened**

8. Azure's dismissed bankruptcy case cannot be reopened through the Motion to Reopen. As the Bankruptcy Appellate Panel ("BAP") for the First Circuit has stated:

> The Debtor misunderstands the availability of § 350(b) reopening. Only cases closed after full administration may be reopened under § 350(b). Although a dismissed case may be reported to the judiciary's Administrative Office as "closed" for statistical purposes, virtually all courts recognize that a bankruptcy case that has been dismissed is not closed within the meaning of § 350(b), and, therefore, may not be reopened.

In re Pingaro, 2008 WL 8664764, at *3 (B.A.P. 1st Cir. Aug. 14, 2008).

9. As the BAP for the First Circuit noted above, "virtually all courts recognize that a bankruptcy case that has been dismissed is not closed within the meaning of § 350(b), and, therefore, may not be reopened." Id. See also Finch v. Coop (In re Finch), 378 B.R. 241, 246 (B.A.P. 8th Cir. 2007) ("[A] dismissed case cannot be reopened under § 350(b)[.]"); Collier on Bankruptcy, P 350.03 (16th 2025) ("[A] dismissed case cannot be reopened under section 350(b).").

10. Similar to the lack of disclosure of the Prohibition to be a Bankruptcy Debtor, the Motion to Reopen is also silent on this binding case law and precedent. Accordingly, even without the Prohibition to be a Bankruptcy Debtor, the Motion to Reopen would still be unfounded, as Azure's dismissed case cannot be reopened under section 350(b).

---

[2] Indeed, this is the appropriate course of action in prohibitions to file under 11 U.S.C. §109(g) and should be the same in the case at hand. Specifically, "where a Debtor files a case in violation of Section 109(g)(2), the running of the 180-day prohibition of Section 109(g)(2) is tolled from the time of filing the case until it is dismissed pursuant to Section 109(g)(2)". In re Binkley, 2021 WL 4395828, at *6 (Bankr. W.D. Wis. Sept. 23, 2021) (citing In re Wilson, 85 B.R. 72 at p. 73 (Bankr. N.D. Ill. 1988)); see also In re Beal, 347 B.R. 87, 89 (E.D. Wis. 2006) ("[T]he general rule [is] that the pendency of a wrongfully filed petition during the 180 days tolls that period to prevent the debtor from wrongly benefiting from the automatic stay.... Thus, by refiling, the [debtors] tolled the 180-day period.").

  **C. The Motion to Reopen and the Motion to Sell Are Also Unnecessary, a Breach of the Settlement Agreement, and Seek to Impair and Strip Rights of Yukiyú**

 11. The Motion to Reopen and the Motion to Sell are not only unfounded, but they are also unnecessary, a breach of the Settlement Agreement, and seek to impair and strip statutory rights that Yukiyú has under the Bankruptcy Code.

 12. To be clear, **Yukiyú is not asserting that Azure cannot satisfy the amounts owed to Yukiyú** – but it must do so in manners that comply with applicable law, the orders of this Court, and the agreements reached between the parties. If Azure desires to pay in full the amounts due to Yukiyú, it could propose to do so outside of the bankruptcy forum as part of the ongoing local court foreclosure process (in a manner consistent with applicable law and the loan documents). If Azure desires to sell the real estate collateral properties, any interested purchaser could appear and bid at the public foreclosure auction dates (again, in a manner consistent with applicable law) or Azure could sell the same and satisfy all liens prior to such public auction dates.

 13. Rather than pursuing these alternatives, Azure seeks to, without any legal basis, reopen this case, and sell the Properties pursuant to section 363 and, thus, strip Yukiyú of rights that it (through Triangle) obtained through the Settlement Agreement, were approved and ordered by this Court and/or are mandated by the Bankruptcy Code and Local Bankruptcy Rules.

 14. First, the Dismissal Order and the Prohibition to be Bankruptcy Debtor were specifically negotiated and agreed to by Azure and Triangle (now Yukiyú) as part of the settlement and release agreement (the "<u>Settlement Agreement</u>"), which the Court granted on January 3, 2024. <u>See</u>, Docket Nos. 156, 164. In essence, the Settlement Agreement provided Azure a period of time to pay in full Triangle's (now Yukiyú's) claim. Azure failed to pay such claim within the time frame allowed under the Settlement Agreement. As a result of such failure to pay, the Settlement Agreement provides that Triangle (now Yukiyú) can foreclose on the Properties, and Azure (and

4

its principal, Mr. Alfonso Valdes) specifically agreed to cooperate and not interfere with the foreclosure process.[3] The Prohibition to be a Bankruptcy Debtor was negotiated, agreed to, and ordered by the Court specifically to prohibit the acts that Azure now seeks to do through the Motion to Reopen; in other words, it is meant to prohibit Azure from becoming a debtor under the Bankruptcy Code, instituting the automatic stay, and otherwise interfering or staying Yukiyú's foreclosure process.

15. Similarly, if the real estate collateral properties were to be sold pursuant to section 363 of the Bankruptcy Code, Yukiyú has the clear statutory right, as detailed below, to credit bid and participate at any such sale pursuant to section 363(k) of the Bankruptcy Code. Yukiyú (and other creditors and parties in interest) also has the right, pursuant Local Bankruptcy Rule 6004-1(b), to examine the sale agreement and the terms of such sale. There simply is no basis to reopen the case, let alone to sell assets while stripping Yukiyú of rights that it has under the Bankruptcy Code and applicable rules in any such sale. This also merits and requires the denial of the Motion to Reopen.

**Limited Initial Opposition to Motion to Sell**

**A.** **The Motion to Sell Fails to Comply with the Bankruptcy Code and Local Bankruptcy Rules**

16. Finally, if the Court were to grant the Motion to Reopen – which Yukiyú submits is contrary to and breaches the Dismissal Order and the Prohibition to be a Bankruptcy Debtor – then Yukiyú has a limited initial opposition to the Motion to Sell.

17. The Motion to Sell does not comply with section 363(k) of the Bankruptcy Code and with Local Bankruptcy Rule of Procedure 6004-1(b).

---

[3] As the record of this case clearly shows, to achieve such foreclosure, Azure and Triangle executed a consent judgment, joint motions to substitute parties, and a joint motion to request entry of an order and writ of foreclosure. See, Docket No. 156-2.

5

18. First, in any section 363 sale of the Real Estate, Yukiyú, as a secured creditor with valid and allowed liens over the Properties, has a right to credit bid its claim pursuant to section 363(k) of the Bankruptcy Code and otherwise participate in any such sale.

19. Section 363(k) of the Bankruptcy Code provides that in any sale under section 363 of the Bankruptcy Code, the holder of a secured claim over the sale assets (here Yukiyú) "may bid at such sale and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property."

20. Therefore, if the Court considers the Motion to Sell, Yukiyú respectfully requests that it must be allowed to credit bid at any such sale up to the full the amount of its claim as of such sale date, and to otherwise participate in any sale or auction to bid in cash any amount in excess of its claim (if it so decides to do). There can be no valid objection from Azure to this, as not only is the right to credit bid and otherwise participate at a sale specifically provided under section 363(k) of the Bankruptcy Code, but also **if Azure truly has an interest in benefiting its potential bankruptcy estate, an auction between two potential purchasers (Yukiyú and Azure's potential buyer) would clearly serve to maximize the sale price for the real estate collateral properties and any potential recoveries for the estate**.

21. Second, the Motion to Sell runs afoul of the requirements under Local Bankruptcy Rule of Procedure 6004-1(b) ("Rule 6004-1(b)"). Rule 6004-1(b) provides, in pertinent part, that:

> A motion/notice for the sale of property must include the following documents, as may be applicable: Title Study; **Appraisal of the Property**; **Terms of the Sale (detailed closing fees and costs)**; **Purchase Option or Sale Agreement**; CRIM Debt Certification; and Debt Cancellation Payoff Amount.

See, L.B.R. 6004-1(b) (emphasis added).

22. The Motion to Sell clearly fails to comply with Rule 6004-1(b), as it: (a) fails to include the proposed sale agreement or purchase option; (b) fails to include an appraisal of the

Properties (critical in this case, considering that Azure previously represented to this Court that the Properties were valued at over $8 Million and now seeks to sell them for allegedly $2.5MM); and (c) fails to include a detail on the terms of the sale, closing fees and costs.

23. Finally, the Motion to Sell also fails to detail how Azure will pay administrative and priority claims through such sale or a subsequent plan.

### Reservation of Rights and Request for Time to Supplement

24. As detailed above, Yukiyú submits that the Motion to Reopen must be summarily denied, as the same is unfounded and frivolous. Yukiyú reserves the right to subsequently request sanctions, costs and fees.[4]

25. Further, the Settlement Agreement provides that if Azure or Mr. Alfonso Valdes affect, object, or interfere with Yukiyú's foreclosure process, that Yukiyú may exercise rights under the Consent Judgment and collect on its claim against Mr. Alfonso Valdés. Yukiyú understands that the Motion to Reopen, if granted, would trigger such rights and thus reserves the right to exercise remedies against Mr. Alfonso Valdes.

26. For these reasons, Yukiyú respectfully requests that any denial of the Motion to Reopen be without prejudice to Yukiyú right to subsequently request sanctions, costs and fees and exercise any other additional remedy, if it so decides to do at a later point.

27. Finally, Yukiyú has included its initial limited objection to the Motion to Sell. Yukiyú respectfully requests that if the Court grants the Motion to Reopen, that Yukiyú be allowed a reasonable short period of time (no less than five business days) to supplement its objection to the Motion to Sell, if needed.

---

[4] Prior to filing this opposition, Yukiyú has advised and provided notice to Azure that it understands that filing the Motion to Reopen could constitute a violation of Federal Rule 11(b).

**WHEREFORE**, Yukiyú respectfully requests that the Court: (a) enter an order denying the Motion to Reopen; (b) toll the 1,095-day period of the Dismissal Order and thus commence such period again upon entry of the order denying the Motion to Reopen; and (c) that such orders be without prejudice to any subsequent requests for sanctions, costs and expenses.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on March 31, 2025.

**WE HEREBY CERTIFY** that on this same date, we filed this document using the CM/ECF filing system, which will send a copy to all counsel of record.

M|P|M **MARINI PIETRANTONI MUÑIZ LLC**
*Attorneys for Yukiyú Real Estate LLC*
250 Ponce de Leon Ave. Suite 900
San Juan, PR, 00918
Tel.: (787) 406-8555

*S/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
E-mail: lmarini@mpmlawpr.com

*S/ Ignacio J. Labarca-Morales*
Ignacio J. Labarca-Morales
USDC No. 303307
E-mail: ilabarca@mpmlawpr.com