Exhibit A

---------CERTIFICO: ----Haber expedido en el mismo día mes y año de su otorgamiento, primera copia certificada de esta escritura a favor de Punta Banderas Associates Inc.
DOY FE. -----------------

_____
Notario Público

------------------------**DEED NUMBER ( )** -------------------------------

-------**PURCHASE AND SALE WITH RIGHT TO RE-PURCHASE** -----

---In the City of San Juan, Puerto Rico, on this ( ) day of April two thousand twenty-five (2025).----------------------------------------------

---------------------------**BEFORE ME**--------------------------------------

----------------CARLOS F. RAMIREZ DE ARELLANO, Attorney at Law and Notary Public in and for the Commonwealth of Puerto Rico, with residence in San Juan, Puerto Rico and office at Esquire Building, Suite PH-2, San Juan, Puerto Rico and email address cfrao@yahoo.com.---------------------------------------------------------------

--------------------------------**APPEAR**--------------------------------------

---**AS PARTY OF THE FIRST PART: AZURE DEVELOPMENT, INC.** (hereinafter, the "Seller"), a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, represented in this act by its President, Alfonso Valdés García, of legal age, single, property owner and resident of San Juan, Puerto Rico. -------------------------

---**AS PARTY OF THE SECOND PART: PUNTA BANDERAS ASSOCIATES INC.** (hereinafter, the "Purchaser"), a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, represented in this act by its President, Ian Callen Cooper, of legal age, married, investor and resident of San Juan, Puerto Rico. ---

--- I CERTIFY that I had before me the certificate which attest the representative capacity of the appearing parties and that they comply with the applicable requirements under Puerto Rico Law pursuant to Article Ten (10) of the Registry of Property of the Commonwealth of Puerto Rico Act, Act Number Two Hundred Ten (210) of December eight (8), two thousand fifteen (2015),-------------------------------------

---I, the Notary, also certify that I personally know the representatives of the appearing parties and through their statements, I further certify as to their age, civil status, profession and residence. They assure me that they have, and, in my judgment, they do have, the necessary legal capacity to execute this instrument, and accordingly they do hereby.

--------------------------------**STATE**-----------------------------------------

1

---FIRST: <u>The Property; Title, Liens and Encumbrances</u>. ---------------

---**ONE**. <u>Title</u>. Seller is the sole owner in fee simple ("pleno dominio") of two parcels of land described in the Registry of the Property of Puerto Rico, Fajardo Registry Luquillo section (the "<u>Registry</u>"), The first property shall be referred to hereinafter as Property A and the second property shall hereinafter be referred to as Property B and both of them jointly shall hereinafter be referred to as the "Property". The description in the Spanish language of Property A is as follows: -------

RUSTICA: Radicada en el Barrio Mata de Plátanos de Luquillo, Puerto Rico, de forma irregular, con una cabida de 12.714 cuerdas, equivalentes a 49,970.681 metros cuadrados. En lindes por el NORTE, en 14 alineaciones que totalizan 465.725 metros cuadrados, con la zona marítimo terrestre que la separa del Océano Atlántico; por el SUR, en una alineación de 9.383 metros con el Caño Embarcadero, en 4 alineaciones que totalizan 202.645 metros con terrenos de la Familia Pirallo, luego en otras 5 alineaciones que totalizan 100.090 metros con terrenos de la Familia Pirallo, luego en otras 3 alineaciones que totalizan 66.904 metros con terrenos de la Familia Pirallo, luego en una alineación de 16.460 con terrenos de la Familia Pirallo y en una alineación de 146.956 metros con Half Moon Development Corp.; por el ESTE, en dos alineaciones que totalizan 53.599 metros con la zona marítimo terrestre que la separa del Océano Atlántico y en una alineación de 16.231 metros con terrenos de la Familia Pirallo y por el OESTE, en 2 alineaciones que totalizan 30.101 metros con la desembocadura del Caño Embarcadero que la separa del Océano Atlántico, en una alineación de 28.565 metros con terrenos de la Familia Pirallo y en otra alineación de 16.705 metros con terrenos de la Familia Pirallo. -----------------------------------------

Así resulta de la mensura practicada según consta de la escritura number 2, otorgada en San Juan, el veintiuno (21) de noviembre de dos mil tres (2003), ante Hernando A. Rivera Díaz, inscrita al Sistema Karibe, finca número 4969 de Luquillo, inscripción 7ma. -----------------------------------------------------------------------------------------

FINCA número 4969, inscrita al folio 223 del tomo 92 de Luquillo. Registro de la Propiedad de Fajardo. -------------------------------------------------------------------------

TRACTO REGISTRAL: Se segrega de la finca número 4969, inscrita al folio 220 del tomo 92 de Luquillo. -----------------------------------------------------------------------------

---The Municipal Revenue Collection Center tax rolls (CRIM - Centro de Recaudación de Ingresos Municipales) number for Property A is 092-000-003-03-098. -----------------------------------------------------------

TITLE: It is registered in the name of AZURE DEVELOPMENT INC. which acquired it and another property by purchase from Lirio María Pirallo Rivera; Luis Rafael Pirallo Pagán; María del Pilar Pirallo Pagán; Carlos David Pirallo Rivera; Ginette Marie Pirallo Pagán; Carmen Esperanza Pirallo López; María del Mar Mercedes Vicenta Pagán Vera t/c/c Ginette Pagán viuda de Pirallo; Manuel Pirallo Pagán; Michelle Marie Pirallo DiCristina; Francisco Luis Gaudier Pirallo; José Antonio Gaudier Pirallo; Carmen Isabel Gaudier Pirallo, Carlos Manuel Gaudier Pirallo; Hilda Nadal; Frank Hunter y Alfred Volpe, for the purchase price o $1,600,000.00, of which $1,557,500.00, corresponds to this property as per deed number twelve (12) of purchase and rectification of area executed in San Juan on November twenty one (21) two thousand three (2003), before notary Hernando A. Rivera Díaz, registered under the Karibe System, property number four thousand nine hundred sixty nine (4969) of Luquillo seventh (7th) registration. -------------------------

LIENS AND ENCUMBRANCES-------------------------------------------------------------

BY ITS ORIGIN: None. ---------------------------------------------------------------------

BY ITSELF: ------------------------------------------------------------------------------------

MORTGAGE in guarantee of a Mortgage Note payable to Banco Bilbao Vizcaya Argentaria Puerto Rico, or to its order in the amount of one million seven hundred and fifty thousand dollars ($1,750,000.00) encumbering this and another property,

bearing interest at the annual rate of fourteen percent (14)% and due upon presentation which was constituted pursuant to deed number one hundred thirty two (132) executed in San Juan, on the twenty first (21st) day November two thousand three de (2003), before notary Ernesto González Piñero, under the Karibe System, property number four thousand nine hundred sixty nine (4969) of Luquillo Eighth (8th) registration (hereinafter referred to as the "First Mortgage"). The First Mortgage is being canceled on even date before a deed before the undersigned notary and a certified copy of such deed will be filed at the Registry prior to the presentation of the present deed. ------------------------------------------------------------------------------------.

MORTGAGE in guarantee of a Mortgage Note to the order of María De la Encarnación Valdés García a/k/a Encarnita Valdés Quinlan or as Encarnita V. Quinlan, or to her order in the amount of nine hundred thirty seven thousand four hundred eighty four dollars ($937,484.00) over this and another property, bearing interest at the annual rate of fifteen percent (15%) and due upon presentation as per deed number three (3) executed in San Juan, Puerto Rico On March twenty seven (27) two thousand twelve 2012, before notary Néstor J. Lo Presti Reyes, registered at the Karibe System, property number four thousand nine hundred sixty nine of Luquillo, ninth (9th) registration). The Second Mortgage is being canceled on even date before a deed before the undersigned notary and a certified copy of such deed will be filed at the Registry prior to the presentation of the present deed. ----------------------------

NOTICE OF LAWSUIT: On June nine (9) two thousand fifteen (2015), in Civil Case #NSCI201500410, Court of First Instance, Superior part of Fajardo; Oriental Bank (plaintiff) versus Azure Development, Inc.; Alfonso Valdés García; Cost Control Company, Inc.; Fideicomiso Valdés-Acevedo, represented by its trustee Jaime Del Valle Cruz (defendants) the aforementioned plaintiff claimed the payment of the First Mortgage which had been reduced to one million twenty six thousand nine hundred sixty nine dollars and seventy seven cents ($1,026,969.77), Registered at the Karibe System property number 4969 of Fajardo, as per note D and last one. This notice will be withdrawn prior to the presentation of the present deed. -----------------------------

The description in the Spanish language of Property B is as follows: -

FINCA número 5722, inscrita al folio 159 del tomo 106 de Luquillo. Registro de la Propiedad de Fajardo.

DESCRIPCIÓN: RUSTICA: Radicada en el Barrio Mata de Plátanos de Luquillo, Puerto Rico, de forma irregular, con una cabida de 5.782 cuerdas, equivalentes a 22.726.697 metros cuadrados; en lindes por el NORTE, en 4 alineaciones que totalizan 202.645 metros con terrenos de la Familia Pirallo, luego en 5 alineaciones que totalizan 100.090 metros con terrenos de la Familia Pirallo, luego en 3 alineaciones que totalizan 66.904 metros con terrenos de la Familia Pirallo, luego en 4 alineaciones que totalizan 65.536 metros con la parcela C dedicada a uso público y en una alineación de 9.866 metros con la extensión de la calle D existente; por el SUR, en 5 alineaciones que totalizan 291.047 metros con la Sucesión Biascoechea y en 6 alineaciones que totalizan 224.573 metros con el Caño Embarcadero; por el ESTE, en una alineación de 69.927 metros con la extensión de la calle D existente, en otra alineación de 16.705 metros con terrenos de la Familia Pirallo y otra alineación de 28.565 metros con terrenos de la Familia Pirallo y por el OESTE, en una alineación de 16.231 metros con terrenos de la Familia Pirallo y otra alineación de 9.910 metros con el Caño Embarcadero que la separa del Océano Atlántico.

Este es el Remanente de esta finca, luego de deducida una segregación de 938.827 metros cuadrados, efectuada a la misma. Según escritura #8, otorgada en San Juan, el 12 de noviembre de 2003, ante Hernando A. Rivera Díaz, inscrita al tomo Karibe de la Sección de Fajardo, finca #5722 de Luquillo, inscripción 5ta. -------------------------

TRACTO REGISTRAL: Se segrega de la finca número 4969, inscrita al folio 220 del tomo 92 de Luquillo. ----------------------------------------------------------------------------

---The Municipal Revenue Collection Center tax rolls (CRIM - Centro de Recaudación de Ingresos Municipales) number for Property B is 092-055-006-18-000. ----------------------------------------------------------

TITLE: It is registered in the name of AZURE DEVELOPMENT INC. which acquired it and another property by purchase from Lirio María Pirallo Rivera; Luis Rafael Pirallo Pagán; María del Pilar Pirallo Pagán; Carlos David Pirallo Rivera; Ginette Marie Pirallo Pagán; Carmen Esperanza Pirallo López; María del Mar Mercedes Vicenta Pagán Vera t/c/c Ginette Pagán viuda de Pirallo; Manuel Pirallo Pagán; Michelle Marie Pirallo DiCristina; Francisco Luis Gaudier Pirallo; José

Antonio Gaudier Pirallo; Carmen Isabel Gaudier Pirallo, Carlos Manuel Gaudier Pirallo; Hilda Nadal; Frank Hunter y Alfred Volpe, for the purchase price o $1,600,000.00, of which forty two thousand five hundred ($42,500.00), corresponds to this property as per deed number twelve (12) of purchase and rectification of area executed in San Juan on November twenty one (21) two thousand three (2003), before notary Hernando A. Rivera Díaz, registered under the Karibe System, property number five thousand seven hundred twenty two (5,722) of Luquillo seventh (7th) registration. ----------------------------------------------------------------------------------

LIENS AND ENCUMBRANCES: ----------------------------------------------------------

BY OTS ORIGIN: None. -------------------------------------------------------------------

BY ITSELF: --------------------------------------------------------------------------------

MORTGAGE in guarantee of a Mortgage Note payable to Banco Bilbao Vizcaya Argentaria Puerto Rico, or to its order in the amount of one million seven hundred and fifty thousand dollars ($1,750,000.00) encumbering this and another property, bearing interest at the annual rate of fourteen percent (14)% and due upon presentation which was constituted pursuant to deed number one hundred thirty two (132) executed in San Juan, on the twenty first (21st) day November two thousand three de (2003), before notary Ernesto González Piñero, under the Karibe System, property number five thousand seven twenty two (5,722) of Luquillo Eighth (8th) registration (hereinafter referred to as the "First Mortgage"). The First Mortgage is being canceled on even date before a deed before the undersigned notary and a certified copy of such deed will be filed at the Registry prior to the presentation of the present deed. ---------------------------------------------------------------------------------------.

MORTGAGE in guarantee of a Mortgage Note to the order of María De la Encarnación Valdés García a/k/a Encarnita Valdés Quinlan or as Encarnita V. Quinlan, or to her order in the amount of nine hundred thirty seven thousand four hundred eighty four dollars ($937,484.00) over this and another property, bearing interest at the annual rate of fifteen percent (15%) and due upon presentation as per deed number three (3) executed in San Juan, Puerto Rico On March twenty seven (27) two thousand twelve 2012, before notary Néstor J. Lo Presti Reyes, registered at the Karibe System property number five thousand seven twenty two (5,722) of Luquillo Eighth (9th) registration (hereinafter referred to as the "First Mortgage"). The Second Mortgage is being canceled on even date before a deed before the undersigned notary and a certified copy of such deed will be filed at the Registry prior to the presentation of the present deed. -------------------------------------------------------------------------------

NOTICE OF LAWSUIT: On June nine (9) two thousand fifteen (2015), in Civil Case #NSCI201500410, Court of First Instance, Superior part of Fajardo; Oriental Bank (plaintiff) versus Azure Development, Inc.; Alfonso Valdés García; Cost Control Company, Inc.; Fideicomiso Valdés-Acevedo, represented by its trustee Jaime Del Valle Cruz (defendants) the aforementioned plaintiff claimed the payment of the First Mortgage which had been reduced to one million twenty six thousand nine hundred sixty nine dollars and seventy seven cents ($1,026,969.77), Registered at the Karibe System property number 5722 of Fajardo, as per note D and last one. This notice will be withdrawn prior to the presentation of the present deed. ------------------------------

---------**PURCHASE AND SALE, TRANSFER AND CONVEYANCE**------

---**TWO:** (a) Seller hereby sells, assigns, transfers, and conveys to Purchaser, and Purchaser hereby purchases, assumes, accepts and receives from Seller, all of the rights, titles and interest of Seller in and to the Property, together with all of its rights, structures, buildings and appurtenances, free and clear of any mortgage lien and other encumbrances (including statutory liens for real property taxes and condominium and home owners association dues) (b) Seller grants Purchaser sole and exclusive possession of the Property on the date hereof by the mere execution of this Deed. Anything herein to the

contrary notwithstanding, Seller shall deliver and is hereby delivering to purchaser good and recordable fee simple ("pleno dominio") title to the Property on the date hereof. ----------------------------------------------

-------------------------------**PURCHASE PRICE**-------------------------------

---(a) The purchase price of the Property shall be the lump sum ("*precio alzado*") of **TWO MILLION FIVE HUNDRED FIFTY THOUSAND DOLLARS ($2,500,000.00)** (the "Purchase Price"), which is being paid on even date herewith by Purchaser to which Seller hereby acknowledges having received to its full satisfaction and which is distributed among Parcel A, Parcel B as follows: The purchase price for Parcel A is   HUNDRED   THOUSAND DOLLARS ($   ,000), the purchase price for Parcel B is   HUNDRED    THOUSAND DOLLARS ($   ,000). As part of the purchase, Seller will transfer any and all development right and permits it has for the Property--------------------

---**THREE**. Taxes and Assessments.  All real estate taxes and assessments on the Property up to and including the date of execution of this Deed, shall be for the account of Seller and thereafter for the account of Purchaser. ----------------------------------------------------------

----Both, Purchaser and Seller, have seen a Statement from the Municipal Revenue Collection Center (herein, "CRIM", for its Spanish acronym) dated    (  th), two thousand twenty five (2025), leaving the parties with knowledge of its contents and copy of which was provided to the appearing parties before this act.-----------------------------------

---Notwithstanding, I, the Notary, ATTEST of having made to the appearing parties the necessary legal warnings, specifically the following: ------------------------------------------------------------------------

----That the Treasury Department and /or the CRIM may impose retroactive contributions during the time the property had enjoyed undue tax exemption where this is so, in which case, such contributions shall constitute a lien on the property if not paid on time.--------------------------------------------------------------------------

5

----It has also warned to the appearing parties about the approval of Act Number Seven (7) of the ninth (9th) day of March of two thousand nine (2009), also known as the "Special Act to Declare a State of Fiscal Emergency and to Establish a Comprehensive Fiscal Stabilization Plan to Salvage the Credit of Puerto Rico," as amended , by which, in relevant part, an additional temporary tax is established over applicable real property for the fiscal years there detailed, payable on September and March of each year, and whose additional temporary contribution creates a lien on real property equal to the CRIM.--------

The parties understand the scope of the above warnings and release the Notary from any liability relating to the real property taxes on the Property. ------------------------------------------------------------------------

-----**FOUR. RIGHT TO REPURCHASE PROPERTY**-----------------------

----The Seller is herein granted the right to repurchase the Property as follows: ----------------------------------------------------------------

Up to the first-year anniversary of the execution of the present deed, the Seller shall have the right to repurchase the property for the sum of THREE MILLION ONE HUNDRED THOUSAND DOLLARS ($3,100,000) plus any amount which the Purchaser may have paid for property taxes on the Property during such period. Of this amount _____ will correspond to Property A and _____will correspond to Property B.

Up to the second-year anniversary of the execution of the present deed, the Seller shall have the right to repurchase the property for the sum of THREE MILLION SEVEN HUNDRED THOUSAND DOLLARS ($3,700,000) plus any amount which the Purchaser may have paid for property taxes on the Property during such period. Of this amount _____ will correspond to Property A and _____will correspond to Property B.--------------------------------

For purposes of this deed and the Registry, this right to re-purchase is valued at ONE THOUSAND DOLLARS ($1,000). ----------------------

If at any time, before the expiration of the two years in which the Seller has a right to re-purchase the Property, Seller announces an offer to

6

purchase the Property by a third party and provides bona-fide evidence of such and its acceptance of the purchase price, Purchaser will have the ten (10) day calendar right to declare its intentions of matching the offer. If this event was to occur during the first year, THREE MILLION ONE HUNDRED THOUSAND DOLLARS ($3,100,000.00) will be subtracted from the amount to be paid by Purchaser. If this event was to occur during the second year, then $THREE MILLION SEVEN HUNDRED THOUSAND DOLLARS ($3,700,000.00) will be subtracted from the amount to be paid by Purchaser. This right cannot be superseded or voided. At the end of the second-year anniversary of the execution of the present deed, Seller's right to repurchase the Property shall cease and there will not be an obligation from Purchaser so sell it back to Seller. ---------------
Any notices to Purchaser to the effect that Seller is exercising its rights under this section shall be sent via certified mail return receipt requested to Punta Ballenas Associates Inc. at P.O. Box 38079 San Juan, Puerto Rico 00937-8079 and with a copy via email to idcpr@aol.com------------------------------------------------------------- ------
----**FIVE**. <u>Lead Base Paint</u>. Notwithstanding that there are no structures in the Property, the appearing parties are hereby advised as to the fact that a property that was built on or before the year nineteen seventy-eight (1978), may present an exposure to lead contamination as a consequence of the use of paint manufactured with a lead base, and that such exposure may place a human being's health at risk of undergoing lead poisoning. Lead poisoning in humans, especially in children, may produce permanent neurological damages, including learning disabilities, reduced intelligence quotient, behavioral problems, and a damaged memory. Lead poisoning represents a special hazard even to women who are pregnant. A seller of an immovable property has the obligation to provide purchaser with all the information that it possesses regarding the danger and hazards that paints manufactured with a base of lead represent, as a result of any determination made by any risk and

hazard study or inspection and to notify purchaser of any danger related to this matter that may lie upon the Property being transferred, prior to the purchase of the same. ---------------------------------------

**SIX.** Floodable Susceptible Zones. The appearing parties are hereby advised that if the subject property in this transaction is located in floodable zones, any present or future owner and/or holder must abide by the requirements and dispositions of Flooding Susceptible Zones Rules, with the knowledge that noncompliance of said Rules will result in an illegal act, in accordance with the dispositions of Section three (3) of Law eleven (11) of March eight (8), one thousand nine hundred and eighty eight (1988) of Flooding Zones, twenty three (23) L.P.R.A., Section two hundred and twenty five g (225(g)). Purchaser acknowledges being completely aware and warned as to this requirement and is bound to comply therewith if the aforesaid legal requirements are applicable to the Property. --------------------

**SEVEN:** Additional Documentation. The parties hereto agree to execute and deliver any additional instruments and documents that may be necessary to record the transactions contemplated in this Deed in the Registry.  Any costs and expenses incurred in connection with the execution of any additional instruments and documents shall be for the account of the party or parties at fault, except that each party shall bear the fees of their respective counsel. --------------------

---**EIGHT:** Costs. --------------------------------------------------------------
------ Seller shall pay the notarial tariff corresponding to this Deed, and the cost of all internal revenue, legal assistance and notarial stamps required to be cancelled on the original copy of this Deed. Seller shall pay the cost of all internal revenue, legal assistance and notarial stamps required to be cancelled on the first certified copy of this Deed and all presentation and recording expenses of such certified copy in the Registry and for the title insurance policy to be obtained by Purchaser. ----------------------------------------------------

---**NINE:** <u>Governing Law</u>. This Deed and the rights of the parties hereunder shall be governed by and interpreted in accordance with the laws of the Commonwealth of Puerto Rico. -------------------------

---**TEN:** <u>Interpretation</u>. This Deed shall be interpreted without regard to any presumption or rule requiring construction against the party causing this Deed to be drafted. ----------------------------------

---**ELEVEN:** <u>Representations and Warranties</u>. Purchaser, by its execution and acceptance of delivery of this Deed, acknowledges and agrees that (i) except for the representations, warranties, promises, covenants, agreements, and/or guaranties contained herein, Seller has not made, does not make, and specifically negates and disclaims any and all representations, warranties, promises, covenants, agreements, or guaranties of any kind or character whatsoever, whether express or implied, oral or written, past, present, or future, of, as to, concerning or with respect to the Property, and Purchaser hereby waives and releases Seller from the obligation to indemnify for hidden defects ("Saneamiento por Vicios Ocultos") imposed by the Civil Code to sellers of real estate; (ii) Seller has fully inspected the Property and that the conveyance hereunder of the Property is "as is", "where is" and "with all faults", and Seller has no obligation to alter, repair, or improve the Property or any part thereof or any improvements thereto; and (iii) no warranty has arisen through trade, custom, or course of dealing with Seller, and all statutory, common law, and customary covenants and warranties, if any, of whatever kind, character, nature, purpose, or effect, whether express or implied or arising by operation of law, are hereby expressly, unconditionally, and irrevocably waived, disclaimed, and excluded from this deed, notwithstanding any custom or practice to the contrary, or any statutory, common law, decisional, historical, or customary meaning, implication, significance, effect, or use of contrary import of any word, term, phrase or provision herein.-----------------------------------------

---**TWELVE:** <u>Real Estate Commission.</u> Seller and Purchaser shall each pay any broker or finder fees to certified professionals which may have

9

been engaged by such party in connection with the transaction contemplated by this Deed. --------------------------------------------------

---**THIRTEEN:** The parties are also advised that the amount of stamps and filing rights communicated to them by the Authorizing Notary is a computation based on the notary's interpretation of applicable Puerto Rico Law. Nevertheless, the parties are also notified that the personnel at the Puerto Rico Property Registry and/or the Auditor of Notarial Works for the Authorizing Notary have the last word on the amounts to be actually paid for these items. The parties agreed and hereby covenant that they will pay the amounts finally established by the proper authorities, notwithstanding the amounts communicated by the Authorizing Notary. ---------------------------------

-----------------------**ACCEPTANCE AND WARNINGS**---------------------

---The appearing parties to this Deed accept the same as drafted because it has been drawn up in accordance with their stipulations, terms and conditions. I, the Notary, made to the appearing parties the necessary legal warnings concerning the execution of this Deed and they were fully advised by me thereon. Specifically, I advised them of the following: ---------------------------------------------------------------------

---(a) That any liens or encumbrances affecting title to the Property that may be filed for recordation prior to the filing of this Deed may be legally binding and could take precedence over this Deed. ---------------

---(b) It is advisable to verify the status of liens and encumbrances on the Property as they may appear from the Registry on the date hereof and of the adverse consequences which may result from the failure to do so. ----------------------------------------------------------------------------

---(c) The responsibility of Seller in connection with the obligations (warranties) imposed by the Civil Code to a seller of real property and the legal effects and consequence of Purchaser having waived its rights with respect to the warranties against hidden or latent defects ("saneamiento por vicios ocultos").------------------------------------------

---(d) This Deed was prepared based upon information contained in title abstract prepared by RAC Title Search, Inc. dated March eleven (11),

two thousand twenty five (2025) (the "Title Abstract"), an entity engaged in such business, and not by the undersigned Notary, who was not asked, nor engaged by any party to perform direct title investigations for this transaction. The appearing parties accept the Title Abstract and are satisfied with the contents thereof. Consequently, the appearing parties release the Notary from any responsibility due to errors or omissions in said Title Abstract and/or due to any changes in the title to the Property or in its liens and encumbrances that might occur between the date of the Title Abstract and the date this deed is presented to the Registry for registration.-------------------------------------------------

---(f) The foregoing title abstracts only reflect the title and lien situation of the Property as depicted in the Registry at the time of its preparation.-

(g) The necessity and convenience of obtaining a negative certification of debt from the Municipal Revenue Collection Center tax rolls (*CRIM - Centro de Recaudación de Ingresos Municipales*) regarding the Property.------------------------------------------------------------------------

(h) This Deed must be recorded in the appropriate Section of the Registry in order to bind all rights herein to third-parties.---------------

------------------------------------------------------------

-----------------------**PETITION TO THE REGISTRAR**----------------------

---The parties to this Deed respectfully request that the Registrar of Property record the sale of the Property by Seller to Purchaser. ----------

-------------------------------- **ACCEPTANCE**---------------------------------

---The appearing parties waived the right which I advised them they had to have witnesses to the execution of this Deed; but, upon my advice, made use of their right to read the same, and, finding it drafted to their entire satisfaction, having been advised by me, the Notary, of the pertinent legal warnings and reservations, acknowledging that they had understood this Deed in all its parts, fully ratify and confirm the statements contained herein as the true and exact embodiment of their stipulations, terms, and conditions, proceed to sign before me, and to affix their initials on each folio of the same.----------------------

- I, the Notary, do hereby CERTIFY AND ATTEST as to my personal

knowledge or identification of the appearing parties and as to their personal circumstances, in accordance with their statements, as well as to all other things herein contained.-------------------------------------

---I, the Notary, **CERTIFY AND GIVE FAITH**. --------------------------



Exhibit B

March 31, 2025

Tarquin Callen
Officer
Punta Banderas Associates, Inc.

Re:     Account #_____14741

As per your request:

Certification of account of Punta Banderas Associates, Inc. Oriental Bank is confirming the inforamtion requested as of March 31, 2025.

| | |
|---|---|
| DDA Account Balance: | $2,850,000.00 |
| DDA Collected Balance: | $2,850,000.00 |

If you should have any further information, please contact me:

Sicerely,

**Omar M. Contreras**
**Corporate & Institutional Banking**
Cel: 787.562.2828
Email: ocontreras@orientalbank.com

**orientalbank.com**

Antes de imprimir este mensaje, por favor comprueba que es necesario hacerlo. Before you print this message please consider if it is really necessary

# Ludwig Nieves

**From:** Ludwig Nieves
**Sent:** Monday, March 31, 2025 11:54 AM
**To:** Charles Cuprill
**Subject:** FW: Notificación Electrónica NSCI201500410

Exhibit C

**From:** NoReply@poderjudicial.pr <NoReply@poderjudicial.pr>
**Sent:** Monday, March 31, 2025 9:30 AM
**To:** Charles A. Cuprill, PSC Law Offices <ccuprill@cuprill.com>
**Subject:** Notificación Electrónica NSCI201500410

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE FAJARDO-SUPERIOR

YUKIYU REAL ESTATE LLC

DEMANDANTE

VS

AZURE DEVELOPMENT, INC.

DEMANDADO

CASO NÚM. NSCI201500410

SALON NÚM. 307

SOBRE: EJECUCION DE HIPOTECA

N O T I F I C A C I Ó N

A:  LIC. CUPRILL HERNÁNDEZ,CHARLES A.
CCUPRILL@CUPRILL.COM

LIC. COLÓN MORALES,RUBÉN A.
RCOLON@LEGALCORPPR.COM

LIC. LABARCA MORALES,IGNACIO JAVIER
ILABARCA@MPMLAWPR.COM

LIC. LUCENA QUILES,RUBÉN J.
RLUCENA@LEGALCORPPR.COM

LIC. LUGO RODRÍGUEZ,GETZEMARIE
GLUGO@MPMLAWPR.COM

LIC. MARINI BIAGGI,LUIS C
LMARINI@MPMLAWPR.COM

LIC. PADILLA LOPEZ,OSCAR
OPADILLALOPEZ@YAHOO.COM

LIC. PÉREZ VARGAS,MIGUEL A.
PEREZVARGASMIGUEL@GMAIL.COM

LIC. VAZQUEZ RODRIGUEZ,NILDA M
NMVAZQUEZRODRIGUEZ@OUTLOOK.COM

1

EL (LA) SECRETARIO(A) QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN AL (A LA): MOCIÓN PARA QUE SE EMITA ORDEN Y MANDAMIENTO DE EJECUCION DE SENTENCIA. ESTE TRIBUNAL EMITIÓ UNA ORDEN EL 27 DE MARZO DE 2025.

SE TRANSCRIBE LA DETERMINACIÓN A CONTINUACIÓN:

HA LUGAR.

                                      FDO. JUAN A ROBLES ADORNO
                                      JUEZ

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A ESTA ORDEN, USTED PUEDE PRESENTAR UN RECURSO DE APELACIÓN, REVISIÓN O CERTIORARI, DE CONFORMIDAD CON EL PROCEDIMIENTO Y EN EL TÉRMINO ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA Y ARCHIVADA HOY 31 DE MARZO DE 2025, Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA NOTIFICACIÓN.

EN FAJARDO, PUERTO RICO, EL 31 DE MARZO DE 2025.

        WANDA I. SEGUI REYES                   POR: F/ LINDA I. MEDINA MEDINA
NOMBRE DEL (DE LA) SECRETARIO(A) REGIONAL    NOMBRE Y FIRMA DEL (DE LA) SECRETARIO(A)
                                                           AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación - Sentencias, Resoluciones, Órdenes y Minutas (Noviembre 2016)

Exhibit D

## UNSWORN STATEMENT OF ALFONSO E. VALDES GARCIA
## UNDER PENALTY OF PERJURY

I, Alfonso E. Valdés García, of legal age, single, executive and resident of Guaynabo, Puerto Rico, as president of Azure Development, Inc. ("Azure") state that:

1. My name and personal circumstances are as aforestated.

2. I have been in charge of Azure's permitting process for the development of a construction project on Azure's properties at Luquillo, Puerto Rico described as follows in the Spanish language (the "Properties"):

RÚSTICA: Radicada en el Barrio Mata de Plátanos de Luquillo, Puerto Rico, de forma irregular, con una cabida de doce cuerdas con setecientas catorce milésimas de otra (12.714 cuerdas.), equivalentes a cuarenta y nueve mil novecientos setenta metros cuadrados con seiscientas ochenta y una milésimas de otro (49,970.681 m-), en lindes por el NORTE, en catorce (14) alineaciones que totalizan cuatrocientos sesenta y cinco metros con setecientas veinticinco milésimas de otro (465.725 m), con la zona marítimo terrestre que la separa del Océano Atlántico; por el SUR, en una alineación de nueve metros con trescientas ochenta y tres milésimas de otro (9.383 m), con el Carlo Embarcadero, en cuatro (4) alineaciones que totalizan doscientos dos metros con seiscientas cuarenta y cinco milésimas de otro (202.645 m), con terrenos de la Familia Pirallo, luego en otras cinco (5) alineaciones que totalizan cien metros con noventa milésimas de otro (100.090 m), con terrenos de la Familia Pirallo, luego en otras tres (3) alineaciones que totalizan sesenta y seis metros con novecientas cuatro milésimas de otro (66.904 m), con terrenos de la Familia Pirallo, luego en una alineación de dieciséis metros con cuatrocientas sesenta milésimas de otro (16.460 m), con terrenos de la Familia Pirallo y en una alineación de ciento cuarenta y seis metros con novecientos cincuenta y seis milésimas de otro (146.956 m), con Half Moon Development Corp.; por el ESTE, en dos (2) alineaciones que totalizan cincuenta y tres metros con, quinientas noventa y nueve milésimas de otro (53.599 m), con la zona marítimo terrestre que la separa del Océano Atlántico y en una alineación de dieciséis metros con doscientas treinta y una milésimas de otro (16.231 m), con terrenos de la Familia Pirallo; y por el OESTE, en dos (2) alineaciones que totalizan treinta metros con ciento una milésimas de otro (30.101 m), con la desembocadura del Carlo Embarcadero que la separa del Océano Atlántico, en una alineación de veintiocho metros con quinientas sesenta y cinco milésimas de otro (28.565 m), con terrenos de la Familia Pirallo y en otra alineación de dieciséis metros con setecientas cinco milésimas de otro (16.705 m) con terrenos de la Familia Pirallo. Property number 4,969 is recorded at page 220 of volume 92 of Luquillo, Registry of the Property of Fajardo.

RÚSTICA: Radicada en el Barrio Mata de Plátanos de Luquillo, Puerto Rico, de forma irregular, con una cabida de cinco cuerdas con setecientas ochenta y dos milésimas de otra (5.782 cuerdas), equivalentes a veintidós mil setecientos veintiséis metros cuadrados con seiscientos noventa y siete milésimas de otro (22,726.697 mc), en lindes por el NORTE, en cuatro (4) alineaciones que totalizan doscientos dos metros con seiscientos cuarenta y cinco milésimas de otro (202.645 m), con terrenos de la Familia Pirallo, luego en cinco alineaciones que totalizan den metros con noventa milésimas de otro (100.090 m), con terrenos de la Familia Pirallo, luego en tres alineaciones que totalizan sesenta y seis metros con novecientas cuatro milésimas de otro (66.904 m), con terrenos de la Familia Pirallo, luego en cuatro alineaciones que totalizan sesenta y cinco metros con quinientos treinta y seis milésimas de otro (65.536 m), con la Parcela C dedicada a use público y en una alineación de nueve metros con ochocientas sesenta y seis milésimas de otro (9.866 m), con la extensión de la Calle D existente; por el SUR, en cinco (5) alineaciones que totalizan doscientos noventa y un metros con cuarenta y siete milésimas de otro (291.047 m), con Sucesión Beascoecheay en seis alineaciones' que totalizan doscientos veinticuatro metros con seiscientas setenta y tres milésimas de otro (224.673 m), con el Carlo Embarcadero; por el ESTE, en una alineación de sesenta y nueve metros con novecientas veintisiete milésimas de otro (69.927 m), con la extensión de la Calle D existente, en otra alineación de dieciséis metros con setecientas cinco milésimas de otro (16.705), con terrenos de la Familia Paralelo, y en otra alineación de veintiocho metros con quinientas sesenta y cinco milésimas de otro (28.565 m), con dichos terrenos de la Familia Paralelo; y por el OESTE, en una alineación de nueve metros con novecientas diez milésimas de otro (9.910 m), con el Carlo Embarcadero que la separa del Océano Atlántico. Property number 5,722 is recorded on page 155 of volume 106 of Luquillo, Registry of the Property of Fajardo

3.  Notwithstanding the bureaucratic process for completing such permitting process, the same is as an advanced stage.

4.  Yukiyú Real Estate, LLC ("Yukiyú"), as successor of Triangle Cayman Associates, is in the process of foreclosing the Properties in execution of the consent judgment entered by the Court if First Instance of Puerto Rico, Superior Section of Fajardo, in Case No. NSCI201500410, resulting from the Settlement Agreement between Azure and Yukiyu's predecessor Triangle Cayman Asset Company.

5.  Azure has agreed to sell the Properties to Punta Banderas Associates, LLC ("Punta Banderas") for $2,500,000.00, which will allow Azure to pay Yukiyú's claim against Azure in full, with interest and costs, and pay a dividend to the holder

of the second mortgage on the Properties with the balance of the $2,500,000.00 to be paid by Punta Banderas after paying Yukiyú.

6. During Azure's Chapter 11 proceedings it was stated that upon the conclusion of the permitting process for the development of the construction project on the Properties proposed by Azure, the Properties would be worth not less than $8,000,000.00.

7. However, the Properties as is and without the completion of the permitting process were listed in Azure's Schedule A/B as having a value of $3,142,794.02 and now with the pending foreclosure proceeding, they are worth significantly less.

8. I consider that the $2,500,000.00 offered by Punta Banderas is equitable and fair, particularly since as set forth in **Exhibit A**, Azure will able to repurchase the same in up to two (2) years, providing for sufficient time to complete the permitting process for the proposed project on the Properties and making a profit upon its sale, while paying Yukiyú in full as agreed to.

I declare under penalty of perjury (as provided by 28 U.S.C. § 1746) that the foregoing is true and correct.

Executed on this 1ˢᵗ day of April 2025.

*[signature]*

**Alfonso Valdés García**
**President**